[S. F. No. 3167.   Department One.—January 22, 1904.]

In the Matter of the Estate of GEORGE W. GRANNISS, Deceased. MRS. ELIZABETH I. GRANNISS, Appellant, v. MRS. HARRIET G. CENTER et al., Respondents.

ESTATES OF DECEASED PERSONS—SEPARATE PROPERTY OF TESTATOR.— The question as to whether the property of a testator is separate or community property does not depend upon any expression of opinion in his will, but upon the mode of acquisition of the property. Property acquired by him during a former marriage, and held in possession after the death of his first wife, and before a second marriage, and property acquired by him by legacy, and all interest therein, and the income from investments made therewith, as well as the increase in value and profits derived therefrom, during a second marriage, are the separate property of the testator, and subject to his testamentary disposition.

ID.—CONSTRUCTION OF WILL—RESIDUARY DEVISE—DECLARATION IN WILL. —A will making certain bequests, and devising all of the residue of the estate of the testator to his daughter, passes to the daughter all the property which the testator was entitled to devise or bequeath at the time of his death not otherwise effectually devised or bequeathed; and such residuary devise is not affected or limited by a declaration in the will that all his estate therein devised is his separate property, and was the community property of his first wife and himself, but includes all other separate property.

ID.—RULES OF CONSTRUCTION—DEVISE OF ABSOLUTE ESTATE NOT LIMITED—INTESTACY NOT FAVORED—BROAD INTERPRETATION OF RESIDUARY DEVISE.—The devise of an absolute estate in one clause of a will cannot be cut down or limited by subsequent words merely raising a doubt or suggesting an inference, and not indicating as clear an intention as the words used in creating the absolute estate nor

by any reasons assigned therefor. Constructions leading to total or partial intestacy are not favored; and the rule that in the interpretation of wills residuary clauses are to be given a broad rather than a narrow interpretation has a stronger foundation in natural reason than some other rules adopted by courts.

APPEAL from a decree of the Superior Court of the City and County of San Francisco distributing the estate of a deceased testator. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

F. S. Brittain, and Tobin & Tobin, for Appellant.

The presumption is, that all property acquired during the marriage is community property, and in the absence of clear proof to the contrary the presumption must prevail. (*Fennell* v. *Drinkhouse*, 131 Cal. 451; *Rowe* v. *Hibernia Sav. and Loan Soc.*, 134 Cal. 403; *In re Boody*, 113 Cal. 686; *Davis* v. *Green*, 122 Cal. 364; *Jordan* v. *Fay*, 98 Cal. 264; *Dimmick* v. *Dimmick*, 95 Cal. 323; *Morgan* v. *Lones*, 78 Cal. 58; *Meyer* v. *Kinzer*, 12 Cal. 253.[1]) The will should be construed as limited to the property derived under the first marriage, and the statute of succession should be applied to other property. (*Nickerson* v. *Rowles*, 5 Met. 424; *In re Reinhardt*, 74 Cal. 368, 371 et seq.; *Kilgore* v. *Kilgore*, 127 Ind. 276; *Estate of Young*, 123 Cal. 341 et seq.; *Minkler* v. *Simmons*, 172 Ill. 323-328; *Davis* v. *Davis*, 62 Ohio St. 411-418.[2]) The whole will must be taken together, and the fourth clause must be given effect, as limiting the previous devise. (Civ. Code, sec. 1321.)

Henry H. Reid, and Charles W. Slack, for Respondents.

Separate property owned at the time of marriage is presumed to remain such through all of its mutations. (*In re Bauer's Estate*, 79 Cal. 309; *Estate of Boody*, 119 Cal. 402; *Estate of Cudworth*, 133 Cal. 462.) In the construction of a will intestacy, total or partial, is not to be favored, and full effect is to be given to residuary clauses. (*Dawson* v. *Clark*, 15 Ves. 409; *Ferry's Appeal*, 102 Pa. St. 207; *Nyce's Estate*, 5 Watts & S. 254;[3] *Floyd* v. *Carow*, 88 N. Y. 560; *Riker* v.

[1] 73 Am. Dec. 538.                    [3] 40 Am. Dec. 498, and note.
[2] 78 Am. St. Rep. 725.

*Cromwell,* 113 N. Y. 115; *Lamb* v. *Lamb,* 131 N. Y. 227; *Gallagher* v. *Rowan,* 86 Va. 823; *Reid* v. *Walbach,* 75 Md. 205; *Zirkle* v. *Leonard,* 61 Kan. 636; *Le Breton* v. *Cook,* 107 Cal. 416; *Upham's Estate,* 127 Cal. 96; *Phillips* v. *Chamberlaine,* 4 Ves. 51, 59; *Carter* v. *Gray,* 58 N. J. Eq. 411, 416; *Matter of Minor,* 146 N. Y. 121, 131; *Morton* v. *Woodbury,* 153 N. Y. 243.) A clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, or by any other words not equally distinct, or by inference or argument from other parts of the will. (Civ. Code, sec. 1322; *Estate of Upham,* 127 Cal. 90, 97; *Estate of Marti,* 132 Cal. 666, 672; 2 Williams on Executors (7th Am. ed.), 937; 1 Underhill on Wills, sec. 358; *Thornhill* v. *Hall,* 2 Clark & F. 22, 36.) A declaration in the will as to the character of the property devised as being community property, cannot affect the character of the property, or control a devise of what was in fact separate property. (*Hatch* v. *Ferguson,* 57 Fed. 966.)

VAN DYKE, J.—The appeal in this case is from a decree of distribution in the estate of George W. Granniss, deceased. The deceased left a last will and testament which is in the words and figures following:—

"I, George W. Granniss, of the city and county of San Francisco, state of California, do hereby make, publish and declare this my last will and testament, as follows, to wit:

"First. I give unto my wife, Elizabeth Ingargiola Granniss, the sum of twenty thousand dollars ($20,000.00), together with all the household furniture and other personal property now contained in the dwelling No. 19 Hawthorne Street, San Francisco, with the exception that my daughter hereinafter mentioned may select and possess the portraits of her grandfather, grandmother, her father in his youth, and any or all pictures painted by her mother.

"Second. I give unto my daughter, Harriet Granniss Center, all of the rest, residue and remainder of my estate, both real and personal, and wherever situated.

"Third. I hereby appoint my said daughter, Harriet Granniss Center, the executrix of this will without bonds.

"Fourth. I solemnly declare that all my estate herein devised is my separate property, and was the community property of my first wife and myself.

"In witness whereof, I have set my hand to the foregoing will, which is all in my own handwriting, this eighth day of January, 1894.                    GEORGE W. GRANNISS."

Six years and more after the date of the will the deceased executed a codicil, which is as follows:—

"It is my desire and direction, that all my jewelry, my watch, swords, canes and personal effects of that nature be given to my grandson, Alexander Granniss Center, in the event of my death.                    G. W. GRANNISS.

"San Francisco, August 20th, 1900."

George W. Granniss died at the city and county of San Francisco, January 26, 1901.

During the administration of the estate the bequest to his surviving wife, mentioned in the first paragraph, or item, of the will, was paid to her, and at the close of the administration the superior court distributed the remainder of the estate to his daughter, Harriet Granniss Center, and from this decree his surviving wife prosecutes the appeal.

1. It will be seen by the second clause, or item, in the will that the testator says: "I give unto my daughter, Harriet. Grannis Center, all of the rest, residue and remainder of my estate, both real and personal, and wherever situated." The declaration of the testator in the fourth item of the will, that all his estate therein devised is his separate property, and was the community property of his first wife and himself, does not qualify or impair the language used in the second item or clause of the will, wherein it is declared that he gives all the residue of his estate to his daughter. Whether he is correct in his opinion that all his estate at that period was the community property of himself and his first wife is quite immaterial and does not affect or control the previous express and emphatic clause of his will, wherein he gives "all of the rest, residue and remainder" of his estate to his daughter. The character of the estate of the decedent, whether it is separate or the community property of himself and his first wife, is not to be affected or changed by his opinion thereon, or by any declaration which he may make in reference to it, but is to be determined from the mode in which the property was acquired. The testator had been married previous to his marriage with the appellant, and his first wife died Sep-

tember 12, 1890. He was married to the appellant December 27, 1892. At the time of his first wife's death he had $14,152 in money, and a note of the Pacific Improvement Company for $100,000, which had been acquired during his first marriage. Between the time of the death of his first wife and his marriage to the appellant, he received $17,400, as interest upon this note, and from rents and services, and also a legacy of $10,000. After his second marriage he received a legacy of $5,000, of which $3,500 was paid to him in May, 1893, and $1,500 in May, 1894. He also received as interest upon the above note of the Pacific Improvement Company, after his second marriage, the sum of $28,763. In October, 1893, he purchased one thousand shares of stock in the Pacific Mail Steamship Company, which in about a month thereafter he sold at a profit of $1,440; and in January, 1894, purchased another one thousand shares of the same stock, which he sold in April, 1895, at a profit of $5,457. The note of the Pacific Improvement Company was paid September 25, 1897, and thereafter he purchased certain bonds for which he paid $72,705. He received as interest upon these bonds during his lifetime the sum of $9,375. These bonds were part of his estate at the time of his death. A portion of them was sold after his death, and the proceeds applied towards the payment of his bequest to the appellant. It was stipulated by the appellant that the decedent was engaged in no business after his second marriage from which he received any income, except that he received $962.50 for certain services rendered by him, unless the purchase and sale of the above shares of stock in the steamship company be considered as business. It is also stipulated that aside from his investments his expenditures, between September 25, 1897, and December 1, 1898, amounted to $5,754. The note of $100,000, which testator had at the time of his second marriage, together with the interest which he received thereon after such marriage, was his separate property, and any investments which he made with the money received upon this note, or any property which he purchased with it, continued to be his separate property. The income from such investments, as well as the increase in value and profits derived from the sale of the property so purchased, was also his separate property. (Civ. Code, sec.

163; *Estate of Cudworth,* 133 Cal. 462.) In *Estate of Cudworth* the husband had an income derived from his separate estate, and also earned money which became community property, and it was held that there was no presumption that the husband supported the family out of his separate property and preserved the community property intact; that he is at liberty to devote all that is necessary to the support of the family out of the community funds, and to preserve the separate property, if he so chooses; and that the commingling of the funds of his separate estate with the community funds, where the community interest is inconsiderable in the property with which it is intermingled, will not cause the fund to become community property or destroy the character of his separate estate. The finding of the court that the only estate of said decedent was his separate property is fully sustained by the evidence, and, being his separate property, it was subject to his testamentary disposition. (Civ. Code, sec. 1333.)

2. It is contended on the part of the appellant that the separate property of the decedent consisted in part of the community property of himself and his first wife, and that it was only this part or portion which was given or bequeathed under the clause "all of the rest, residue and remainder" to his daughter, the respondent; that as to his separate estate not formed of the community property of himself and his first wife, it is not disposed of at all by the will, but as to that he died intestate, and the appellant is entitled to share therein according to law, as in case of intestacy. But the gift and bequest to his daughter in the second clause is explicit, and without any words of limitation or qualification, and all the authorities agree that when the absolute estate has been conveyed in one clause of the will it will not be cut down or limited by subsequent words, except such as indicate as clear an intention as would the words used in creating the estate. Words which merely raise a doubt or suggest an inference will not affect the estate thus conveyed, and any doubt which may be suggested by reason of such subsequent words must be resolved in favor of the estate first conveyed. (*Estate of Marti,* 132 Cal. 666.) "A clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, or by any other words not equally clear and distinct, or by inference

or argument from other parts of the will, or by an inaccurate recital of or reference to its contents in another part of the will." (Civ. Code, sec. 1322.) In *Le Breton* v. *Cook*, 107 Cal. 416, cited by counsel for appellants, it is said: "Constructions which lead to intestacy, total or partial, are not favored; and, therefore, such an interpretation should, if reasonably possible, be placed upon the provisions of the will as will prevent that result. Especially should this be done where the will evinces an intention on the part of the testator to dispose of his whole estate. A devise or bequest of the 'residue' of the testator's property therefore passes all the property which he was entitled to devise or bequeath at the time of his death, not otherwise effectually devised or bequeathed by his will." And section 1332 of the Civil Code declares: "A devise of the residue of the testator's real property passes all the real property which he was entitled to devise at the time of his death, not otherwise effectually devised by his will." Section 1333 of the same code declares: "A bequest of the residue of the testator's personal property passes all the personal property which he was entitled to bequeath at the time of his death, not otherwise effectually bequeathed by his will." In *Estate of Upham*, 127 Cal. 90, it is held that "where a testator gives all of his property remaining after the payment of specific gifts, though the fund be estimated in money, the gift of that which thus remains is not specific, but carries everything which has not been effectually disposed of by reason of lapses, or invalid and void devises or legacies." In *Lamb* v. *Lamb*, 131 N. Y. 227, it is said: "The rule that in the interpretation of wills residuary clauses are to be given a broad rather than a narrow interpretation, has a stronger foundation in natural reason than have some of the other rules adopted by courts."

It is very plain from these rules of construction that what was said by the testator in item fourth of the will cannot control or in any way affect the plain and explicit declaration contained in the second, wherein he declares that all of the rest, residue, and remainder of his estate, both real and personal, and wherever situated, goes to his daughter, Harriet Granniss Center.

No question is raised as to the competency of the deceased,

George W. Granniss, to execute the will in question at the date of its execution, or that there was any fraud, duress, or undue influence in any wise affecting its execution.

The judgment is affirmed.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.