In re SIMCOX, Inc.

Ex parte COMPTROLLER OF STATE OF NEW YORK. *

(District Court, S. D. New York. July 13, 1917.)

1. BANKRUPTCY ⟨⟩346—PROCEEDINGS—CLAIM AGAINST BANKRUPT.

Where the state asserted a claim for corporation taxes on the bankruptcy of a corporation, it is the duty of the bankruptcy court to reassess the tax, in case objection is made, regardless of its original assessment by the proper state authority.

2. TAXATION ⟨⟩238—CORPORATIONS—EXEMPTION OF CAPITAL USED FOR MANUFACTURING PURPOSES.

Where more than one-half of the business of a New York corporation was the making of women's clothes, such corporation is to that extent

engaged in manufacturing, and hence, under Tax Law N. Y. (Consol. Laws, c. 60) § 182, imposing taxes on the capital stock of corporations, is liable to taxes on no more than one-half of its capital stock; section 183 exempting local corporations to the extent of the capital actually employed in manufacturing.

In Bankruptcy. In the matter of the bankruptcy of Simcox, Incorporated. On claim by the Comptroller of the State of New York for corporation taxes. On petition to review an order of the referee allowing the claim. Order reversed, and claim allowed for a lesser amount.

Petition to review an order of a referee in bankruptcy allowing the claim of the state of New York for taxes against the bankrupt estate under the following circumstances: The bankrupt was a corporation, and as such liable to taxation under section 182 of the Tax Law of the state of New York. For two years, ending respectively October 31, 1914, and October 31, 1915, the comptroller assessed the corporation $75 a year as a tax upon $100,000 of its corporate stock. This, together with $19.50 penalties, made a total sum due of $169.50, for which amount the state presented its claim to the referee. By section 182 of the Tax Law of New York it is provided that every corporation shall pay to the state treasurer an annual tax upon the basis of its capital stock employed during the preceding year within the state, and by section 183 it is provided that manufacturing corporations shall be exempt to the extent of the capital actually employed in this state in manufacturing or in the sale of the product of such manufacture. The trustee objected to the claim, and evidence was taken before the referee, on which it appears that the corporation was in fact no more than a form for a dressmaker's establishment, which was conducted in the city of New York. A part of the business consisted in making up raw material into women's clothes, and part consisted in importing from other countries made-up clothes and selling them. No evidence was introduced as to the proportion between the clothes manufactured by the bankrupt and those imported and sold, except in the following testimony: "Q. Can you tell me what percentage of your stock was manufactured by yourselves, and what percentage was obtained from manufacturers? A. I could not tell you exactly. Q. Approximately? A. It was more than half of it manufactured by us. Q. Much more than that? A. Yes." The referee found that the whole tax was properly levied, and allowed the claim in full.

Elkan Turk, of New York City, for trustee.
Robert S. Conklin, of New York City, for comptroller.

LEARNED HAND, District Judge (after stating the facts as above). [1, 2] There can be no doubt of the power and duty of this court to reassess the tax in case objection is made, regardless of its original assessment by the proper state authority. New Jersey v. Anderson, 203 U. S. 483, 493, 494, 27 Sup. Ct. 137, 51 L. Ed. 284. Such reconsideration must be upon evidence in this court going directly to the merits. It hardly needs argument to show that the process of making clothes out of cloth is manufacture in the most literal sense of the term, or that to the extent to which the stock was employed in that process the corporation should have been exempt. We have no evidence, however, of the proportion of the two, except that quoted, from which it appears without dispute that more than half had been employed in manufacturing. How much more than half it is impossible to say, but to the extent of one-half the estate is entitled to exemption. The tax will therefore be liquidated at the sum of $84.75, and the claim will be allowed at that amount.

Order reversed; claim allowed for $84.75.