## GUARANTY STATE BANK OF GREENVILLE, TEX., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5459.    Promulgated June 11, 1928.

*Camden R. McAtee, Esq.*, for the petitioner.
*D. D. Shepard, Esq.*, for the respondent.

544

OPINION.

LITTLETON: Counsel for petitioner insists that this case presents the single issue on its merits of the faith and credit to be given to findings made by the Commissioner of Banking of Texas in the

discharge of his statutory duties, and also to the decree of the State court approving the Commissioner's report. He insists that the findings of the Banking Commissioner approved by the court are binding on the Board. The report of the Banking Commissioner and the decree of the court approving it constitutes the only evidence offered before this Board. The Banking Commissioner's report and the court decree were admitted in evidence at the hearing of this proceeding over the objection of counsel for the Commissioner for the consideration of the Board as to their competency, relevancy and materiality.

It is urged on behalf of petitioner that the question in this proceeding as to the income and profits tax claimed is really *res adjudicata* by reason of the adjudication in the Texas State court. It is argued that if we should not so hold we would not be giving " full faith and credit " to the judicial proceedings of the Texas district court. It is also urged that by virtue of the adjudication of the Texas court, there should be a redetermination of invested capital.

The Board does not agree with petitioner's interpretation of the " full faith and credit " clause of the Constitution of the United States. At the time the statutory notice of deficiency was issued by the Commissioner of Internal Revenue, the Guaranty State Bank of Greenville, Tex., was in the hands of the State Banking Commissioner for liquidation and subject to the jurisdiction of said district court. The State Banking Commissioner instituted this proceeding by the filing of a petition on July 11, 1925, and under the decision of the Board in *French & Company*, 10 B. T. A. 665, it is held that the Board acquired jurisdiction as to the year 1920. The Board has no jurisdiction to redetermine the tax liability for prior years in which there were overassessments.

Petitioner contends that if we do not accept the certified copy of the findings of the banking commissioner as conclusive, we will violate the provisions of Article IV, section 1, of the Constitution of the United States. This section has no application here. *Ezra H. Connell, Estate*, 11 B. T. A. 1254.

In *Vicksburg* v. *Henson*, 231 U. S. 259, the court announced that the doctrine of *res adjudicata* must be applied with caution.

In the case of *Washington, etc., Steam Packet Co.* v. *Sickles*, 24 How. 333, 341, Mr. Justice Campbell, speaking for the court, declared that:

* * * The essential conditions under which the exception of the *res judicata* becomes applicable are the identity of the thing demanded, the identity of the cause of the demand, and of the parties in the character in which they are litigants.

To the same effect is *Lyons* v. *Perin & Goff Manufacturing Co.*, 125 U. S. 698, 700.

In *Oklahoma* v. *Texas*, 256 U. S. 70, 88, Mr. Justice Pitney, delivering the opinion of the court, stated:

* * * But we concede that in a subsequent suit upon a different cause of action, the question whether the matter decided on the former occasion was within the issues then proper to be decided, or was presented and actually determined in the course of deciding those issues, is open to inquiry, and that, unless it be answered in the affirmative, the matter is not *res judicata*.

What was involved and determined in the former suit is to be tested by an examination of the record and proceedings therein, including the pleadings, the evidence submitted, the respective contentions of the parties, and the findings and opinion of the court; there being no suggestion that this is a proper case for resorting to extrinsic evidence. *Russell* v. *Place*, 94 U. S. 606, 608; *Last Chance Mining Co.* v. *Tyler Mining Co.*, 157 U. S. 683, 688, *et seq.*; *Baker* v. *Cummings*, 181 U. S. 117, 124–130; *National Foundry & Pipe Works* v. *Oconto Water Supply Co.*, 183 U. S. 216, 234.

Jones on Evidence, 3d Ed., sec. 590, p. 918, states:

* * * Where the parties to the suit are not the same or in privity, the record of the former suit cannot be introduced to establish the facts on which it was rendered, yet there are certain incidental purposes for which such records may be introduced. * * *

He quotes Stephen as stating:

All judgments, whatever, are conclusive proof, as against all persons, of the existence of that state of things which they actually effect, when the existence of the state of things so effected is a fact in issue, or is, or is deemed to be relevant to the issue.

In *Orr* v. *Hadley*, 36 N. H. 575, the Court said:

As a general rule the parties must be the same and the point in issue must be the same. * * * But the testimony offered in this case was not admissible, according to any of the authorities we have examined. The parties in the present suit are not the same as in the former, nor are they in privity with them, so as to be bound by what was said and done in that action. Peter E. Hadley, one of the present defendants, was plaintiff in that suit; but the other defendant so far as the case shows, had no connection with the proceedings either as a party or a privity, *he had no opportunity to cross examine the witnesses and his rights cannot be affected by the testimony in that cause.* * * * We have found no cases where the testimony has been admitted, if new parties, who are not privies, are introduced in the second suit. * * * (Italics supplied.)

The determination, after due hearing before bankruptcy, by the State Board of Assessment or other state tribunal having in charge the settlement of disputes over the amount of taxes, is not *res judicata* in bankruptcy. (Volume 6, Section 2805, p. 292, Remington on Bankruptcy, Third Edition.)

Where the state asserted a claim for corporation taxes on the bankruptcy of a corporation, it is the duty of the bankruptcy court to reassess the tax, in case objection is made, regardless of its original assessment by the proper state authority. (*In re Simcox, Inc.*, 243 Fed. 479 (D. C. N. Y.).)

It is clear from the authorities cited that all the essentials necessary for the application of the doctrine of *res adjudicata* are lacking

in this proceeding. In *Union Metal Manufacturing Co.*, 4 B. T. A. 287, the board stated:

> The doctrine of *res adjudicata* did not, under the Revenue Act of 1924, operate to make á finding of fact in a former case, involving 1918, as to the value of patents, conclusive as to such fact in a case involving 1919.

In *Charles L. Suhr*, 4 B. T. A. 1198, it was held:

> The placing of a value upon certain stock by the District Court in a suit not involving parties before the Board does not render the question of value *res adjudicata*.

We are of opinion that the findings of the Banking Commissioner are not binding on the Board and the decree of the court is not *res adjudicata* as to the issues here involved. The report of the findings of the Texas Banking Commissioner can not be accepted as competent evidence to establish the facts necessary to a decision of the issue involved in this proceeding. The question of the liability of petitioner for Federal taxes for 1920 and prior years was not involved in the proceedings before the Texas court, the court did not consider the provisions of the Federal statute relating to deductions from income for losses through worthless debts. The United States was in no wise a party to the proceeding in which the Banking Commissioner made a report, and in which the court made a decree approving the Banking Commissioner's findings as to the financial condition of the bank when it passed into his hands in June, 1922. Debts to be deductible under the Federal statute must be determined to be worthless and charged off within the taxable year. The Banking Commissioner did not take charge until June, 1922, and even if he were correct in his determination that the Bank should have charged off certain debts that it had not, this would not justify a deduction of such debts prior to 1922. The Banking Commissioner was not produced as a witness and the United States has not had an opportunity to cross examine him relative to the basis for his findings, as to invested capital, losses and bad debts. There is nothing to show that the Banking Commissioner's determination of the bank's capital was in any wise its invested capital for 1920 and prior years as defined by the Federal statute.

In *Tiller-Glenn Co.* 4 B. T. A. 1051, the Board held that "Accounts neither ascertained to have been worthless nor charged off the petitioner's books of account in the taxable year are not deductible from gross income."·

The Board is of the opinion that the report of the Commissioner of Banking and the decree of the District Court of Hunt County, Tex., approving such report are incompetent as evidence herein and without any probative force to establish petitioner's claims before this Board, and for lack of other competent evidence, the determination of the Commissioner is. approved.

Petitioner's motion made at the hearing of this proceeding that this Board withhold decision on the issues raised and transfer the proceeding under section 282 of the Revenue Act of 1926 to the State District Court of Hunt County, Tex., for determination of the Federal tax liability is denied.

Reviewed by the Board.

*Judgment will be entered for the respondent.*