[L. A. No. 9554. In Bank.—July 18, 1928.]

FRANCES LEE STEWART, Respondent, v. ERNEST A. STEWART, Appellant.

F. S. Reese for Appellant.

Ida May Adams for Respondent.

Carey Van Fleet, Gibson, Dunn & Crutcher, Flint & MacKay, Ingle Carpenter, J. Wiseman MacDonald, Stoney, Rouleau, Stoney & Palmer, Hill, Morgan & Bledsoe, Kenneth K. Wright, Stanley S. Burrill, Allen G. Wright, Burrell D. Neighbors, F. A. Jeffers, Knight, Boland & Christin, and Dunne, Dunne & Cook, *Amici Curiae.*

CURTIS, J.—This is the second appeal in this action. Our decision of the first appeal will be found reported in 199 Cal. 318 [249 Pac. 197], where the facts of the case are fully stated, and for that reason it will not be necessary to repeat them here. At the first trial of this action judgment was rendered in favor of plaintiff, which judgment was reversed by this court. On the going down of the *remittitur* the case was again set for hearing. At this hearing no new

evidence was introduced, but the case was submitted for decision upon the evidence adduced at the former or first hearing. Thereupon the court again rendered judgment for the plaintiff, from which the defendant has appealed, and the action is now before us on this appeal.

The respondent and the numerous *amici curiae*, who appear herein and who unite with respondent in asking for an affirmance of the judgment, rest their case apparently upon two grounds. *First*, That this court was in error in its former opinion in this matter wherein it reversed the judgment of the trial court rendered at the first hearing of this case. *Second*, That the present judgment of the trial court is in accordance with the views of this court as expressed in its former opinion. We will consider these grounds in the order stated.

*First*. This case has been most thoroughly and ably argued by the parties hereto and the *amici curiae* appearing herein. This statement applies both to arguments made at the first hearing before us as well as to those on the present appeal. The briefs on file on each of said hearings are before us and we have carefully examined and compared them. We find with hardly an important exception that the arguments relied upon on the present appeal are those advanced and relied upon on the first appeal. One firm of attorneys appearing as *amici curiae* on each appeal and who filed a most comprehensive and exhaustive brief on the first hearing before us has on this appeal presented a short brief of eight pages, prefacing the same, however, with the statement that "Our position was fully stated in the brief and petition for rehearing filed with this court on the first appeal." We think this statement can well apply to the briefs and arguments as a whole filed in this matter. The former opinion of this court in this action was arrived at and enunciated only after a most careful and exhaustive study of the briefs and argument of all counsel in the case, supplemented by independent examination of the statutory law of this state and the decisions of this and other jurisdictions relative to the subject of community property. In that opinion we reviewed the decisions of this court from its earliest days down to the time of the rendition of said opinion relating to the rights of the wife in property acquired by the community during the marriage state. We set forth our views

therein as to the force and effect and meaning of the several acts of legislation enacted in this state wherein the respective rights of the spouses in community property acquired by them had been considered or defined. This opinion was concurred in by five members of this court, being the whole membership of this court at that time, two of its members having died only a short time before the rendition of said opinion and their successors not having been appointed until after said decision had become final. All of the members of this court uniting in said decision are among the present members of this court. We have, therefore, the same arguments based upon precisely the same state of facts presented to the court largely composed of the same membership as upon the former hearing. Notwithstanding this condition, we have carefully and diligently read and considered the briefs and arguments presented by the parties and the *amici curiae* appearing herein. We have endeavored to do so with an open mind, realizing the importance of the question involved, not particularly to the litigants in this action but to that vastly larger number of persons who may be indirectly affected by the final determination of the issues involved in this appeal. The result of our deliberations thus undertaken is that we are firmly convinced of the correctness of our former decision in this case. We see no reason why we should modify our views as expressed therein regarding any of the questions determined. We are satisfied with the treatment of the subjects considered therein and the conclusions reached by us in that opinion. It is not necessary for us to set forth in detail our reasons for arriving at this conclusion, for to state 'them would be in the main but to repeat the language of our former opinion.

In that opinion we held that the long-established doctrine of this state was, as reiterated and confirmed by this court in *Spreckels* v. *Spreckels*, 172 Cal. 775 [158 Pac. 537], that the husband was during marriage "the sole and exclusive owner of all the community property, and that the wife had no title thereto, nor interest or estate therein, other than a mere expectancy as heir, if she survived him." We further pointed out what was declared in more recent decisions of this court that legislation enacted subsequent to the rendition of said last-mentioned decision had not in any manner changed or modified said doctrine as to the

wife's right in community property acquired in, or prior to, the year 1918, the year the parties hereto purchased the real property described in the complaint herein. We saw no escape from that conclusion at the time of the rendition of that opinion, and nothing has since been brought to our attention to cause us to doubt the correctness of our views as thus expressed. The opinion as then rendered must now stand as a correct embodiment of the views of this court upon the questions therein considered and determined.

*Second.* It is also contended by those who appear herein asking for an affirmance of the present judgment entered in this action, that said judgment is in accordance with the views of this court as expressed in its former opinion. The material parts of said judgment are as follows:

"1. That said plaintiff now has an interest and estate in and to an undivided one-half of the above described real property.

"2. That said defendant is entitled to the management and control of said real property during the continuance of the marriage relation of the parties hereto, but neither party hereto can sell, convey or encumber said real property or any interest therein, or lease said real property or any interest therein for a longer period than one year, except by an instrument in the execution of which both parties hereto shall join.

"3. That said interest and estate of said plaintiff in and to said real property is a much more definite and present interest therein than the expectancy of an heir apparent of said defendant, and is more than a mere possibility.

"4. That said interest and estate of said plaintiff in and to said real property is a present right within the protection of the provisions of section 16 of article I of the Constitution of the state of California, and of section 10 of article I of the Constitution of the United States.

"5. That by virtue of said interest and estate of said plaintiff in said real property, she will on the death of said defendant take one-half thereof in her own right and not as his heir, provided said plaintiff survive said defendant.

"6. That said defendant now has an interest and estate in said real property, by virtue of which he may make testamentary disposition of one-half of said real property if said plaintiff survive said defendant, and by virtue of which,

if said defendant survive said plaintiff, he will take one-half of said real property in his own right and the other half thereof as the heir of said plaintiff, unless with respect to the latter one-half the law should otherwise provide.

"7. That said interests and estates of the parties hereto, in said real property, constitute the community interest of husband and wife referred to in section 161 and 682 of the Civil Code of the state of California.

"8. That in the event of the dissolution of the marriage of the parties hereto by divorce, by virtue of their respective interests and estates in said real property aforesaid, they would become tenants in common thereof in equal undivided shares, unless the court having jurisdiction of such a divorce action should otherwise order if the decree for such a divorce were rendered on the ground of adultery or extreme cruelty.

"9. That said title, interest and estate of said plaintiff in and to an undivided one-half of said real property be and the same is hereby quieted as against said defendant."

We think it perfectly obvious from a mere reading of these portions of said judgment that said judgment transgresses the letter and spirit of our former decision. By the first paragraph of said judgment the plaintiff, the wife, is decreed a present interest and estate in the community real property described therein. In practically every other paragraph, especially those purporting to describe the wife's interest in said community property, the same false note is sounded. By the last paragraph of the judgment the plaintiff, the wife's, interest, estate and title to the community property is quieted as against her husband. Such a decree is utterly at variance with the doctrine held and approved by us in our former opinion, that the interest of the wife during marriage in the community property is a mere expectancy to be realized only upon her surviving her husband, or upon the earlier dissolution of the marriage by divorce proceedings. So apparent must this be that we think further comment is not only unnecessary but would be out of place.

It is contended, however, by the respondent and certain of the *amici curiae* that in the last paragraph of our former opinion is to be found language which gives some color of justification to the present judgment. The language re-

ferred to and which it is claimed warrants the entry of the present judgment is as follows:

"We are in accord with the intimations from time to time reflected by this court in the long line of its past decisions to the effect that the interest of the wife in the property of the community during the continuance of the marriage relation, while it has not yet reached the status of a vested interest therein, is and has always been from a time reaching back into the Spanish and Mexican originals of our community property laws a much more definite and present interest than is that of an ordinary heir."

It is apparent, we think, what was in the mind of the court in the use of the above language when the entire decision is read and particularly when attention is given to that portion of the decision immediately following the above-quoted language wherein the court said: "She (the wife) has, by virtue of the share which in her own sphere she has contributed toward the acquisition and conservation of such properties, rights therein which have been always safeguarded against the fraudulent or inconsiderate acts of her husband with relation thereto and for the assertion and safeguarding of which she has been given access to appropriate judicial remedies both before and after the time when her said rights and interests would ripen and become vested through the death of the husband or other severance of the marriage relation whenever such rights and ultimate interests were affected by or threatened with such forms of invasion."

The court in the foregoing passages from the opinion was simply stressing those rights of the wife in community property which were not possessed by an heir in property of his ancestor. Those rights were given her in order that she might protect herself against the fraudulent and inconsiderate acts of her husband and thereby preserve the community property intact until the dissolution of the marriage. These were not new rights, but were those which existed "from a time reaching back into the Spanish and Mexican originals of our community property." This interest of the wife, which we characterized as "a much more definite and present interest than is that of an ordinary heir" was reflected "by this court in the long line of its past decisions." Unquestionably this long line of past decisions

include those rendered in the cases cited by us in our former opinion, among which are *In re Burdick,* 112 Cal. 387 [44 Pac. 734], *Spreckels* v. *Spreckels,* 116 Cal. 339 [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228], *Estate of Moffitt,* 153 Cal. 359 [20 L. R. A. (N. S.) 207, 95 Pac. 653], *Spreckels* v. *Spreckels, supra,* and *Roberts* v. *Wehmeyer,* 191 Cal. 601 [218 Pac. 22]. These authorities hold uniformly and consistently that during the marriage the husband is the sole and exclusive owner of all the community property and the wife has no title thereto, nor interest or estate therein other than a mere expectancy as heir, if she survive him. A careful perusal of our former opinion will convince the most critical that we did not in anything that we said therein depart in the least degree from this long-established doctrine so clearly and emphatically enunciated and adhered to in the many prior decisions of this court, a large number of which were referred to and discussed in our former opinion. We think this sufficiently and definitely disposes of the second contention made by respondent and certain of the *amici curiae* that the present judgment is justified by the conclusions reached and expressed in our opinion on the first appeal in this action. As we read that opinion we are satisfied that it does not in any respect support this contention.

In several of the briefs on file herein in behalf of respondent frequent reference is made to sections 161 and 682 of the Civil Code, and it is confidently asserted that these sections of the code definitely and conclusively determine that the interest of the wife in the community property during marriage is a present and vested interest in and to an undivided one-half of said property. Some surprise is expressed by the authors of some of said briefs that this court in its former opinion made no reference to either of said sections. The further complaint is made that neither of these sections of the code was referred to in *Roberts* v. *Wehmeyer, supra.* These sections in their present form have been parts of the Civil Code since its adoption in 1872. They were, therefore, in full force and effect not only at the time *In re Burdick, supra,* was decided, but also at all times since. Section 682 was referred to in the dissenting opinion in *In re Burdick.* Both sections were before the court in the first Spreckels case and section 682 was re-

ferred to in *Estate of Moffitt, supra.* After reference to that and other code sections, as well as to certain earlier decisions of this court, which it might be here noted are decisions upon which the respondent at present relies, this court said in *Estate of Moffitt,* pages 360 and 361:

"All of these code sections, all of these cases, and all of these arguments were most ably urged upon the attention of the court in the first two cases above cited (*In re Burdick, supra,* and the first Spreckels case) and the conclusion there reached was there expressed. . . .

"After painstaking investigation and review, and after the fullest deliberation, this court in *In re Burdick* determined and held, as it declared in *Spreckels* v. *Spreckels,* that upon the death of the husband the wife takes one-half of the community property as heir. Every argument here advanced against that conclusion was urged by learned counsel in the other cases, and was fully met in the opinions above referred to. . . . A reading of the opinions of this court in those cases will establish how thoroughly the questions were entered into and what a complete disposition was made of them."

They were not mentioned in subsequent decisions of this court, where the question of the wife's interest in community property was involved, no doubt for the perfectly obvious reason that the court considered that it had definitely decided in its former decisions that these sections of the code in no way entered into the determination of the question as to the character of the wife's interest in community property. Neither of these sections of the code attempts to define the interest of either of the spouses in community property, and in determining that question we are forced to resort to other provisions of the code and particularly to sections 172, 172a, 1401, and 1402, and at present to section 161a of the Civil Code, enacted in 1927 [Stats. 1927, p. 484]. In arriving at the proper construction and meaning to be given these latter sections we are in no way aided by the provisions of said sections 161 and 682 of the Civil Code.

Our attention is called to the recently enacted section of the Civil Code numbered 161a, adopted by the legislature at its 1927 session, wherein it is provided: "The respective interests of the husband and wife in community

property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband as is provided in sections 172 and 172a of the Civil Code. This section shall be construed as defining the respective interests and rights of husband and wife in community property."

In connection with this section of the code counsel say: "The statute simply characterizes and particularly defines what the wife has been given. Certainly this definition must go back to the legislation of 1917." If this legislation can go back to 1917, why may it not extend back to 1891? And if it can be deemed in any way controlling of legislation enacted in 1891, why should it not serve the same purpose as to the first statute of this state dealing with the subject of community property enacted in 1850, over seventy-five years prior to the adoption of said section 161a? As might be expected no authority is cited by counsel in support of this novel and extraordinary doctrine, and we think simply to state it in counsel's own words is to show its utter fallacy. This section of the code, whatever effect it may have upon community property acquired subsequent to its effective date, cannot in any manner relate to or govern the ownership of property acquired prior thereto.

The further point is made by at least one of the *amici curiae* appearing herein that the court in its former opinion failed to mention the case of *Taylor* v. *Taylor,* 192 Cal. 71 [51 A. L. R. 1074, 218 Pac. 756], and that since the date of our former opinion herein this court has decided the case of *Metropolitan Life Ins. Co.* v. *Welch,* 202 Cal. 312 [260 Pac. 545], and that both of these cases were decided upon a theory completely at variance with the theory upon which our former decision in this case was based. The Taylor and Welch cases each involved the rights of the former spouses after a decree of divorce to property which was held as community property prior to said decree of divorce. In each of these cases it was held that upon a decree of divorce, granted on grounds other than extreme cruelty or adultery, said spouses become tenants in common of the community property. These decisions simply followed the provisions of section 146 of the Civil Code to the effect that "If the decree (of divorce) be rendered on any other ground than that of adultery or extreme

cruelty, the community property shall be equally divided between the parties.'' We are at a loss to comprehend how the decision in either of these cases is out of line with our former decision in this case. In *Taylor* v. *Taylor, supra,* it was held that, the marriage having been dissolved by a decree in Nevada, the community property in this state was not affected by such a decree and, accordingly, the former spouses held said community property as tenants in common after the dissolution of the marriage. In the case of *Metropolitan Life Ins. Co.* v. *Welch, supra,* it was held that the marriage having been dissolved by a decree of divorce, wherein all the property claimed by the plaintiff in her complaint as community property had been set aside to her, whatever other property either of the parties then owned or was interested in, in so far as its community character was concerned, was the separate property of the particular spouse in whose name it was held. Certainly neither of these cases attempted to consider, much less determine, the respective rights of the spouses in community property before the dissolution of the marriage. They are, therefore, of no assistance in determining the questions involved in the present action.

It follows from the views above expressed that the judgment should be reversed. From the findings and admissions in the pleadings it appears that the property involved herein was acquired on the twenty-seventh day of April, 1918, and that the purchase price thereof was wholly paid from community funds; there has been no divorce of the parties, but that the plaintiff and defendant are living together peacefully and happily as husband and wife. No question is made in the pleadings or in the findings that the real property is not the community property of the two spouses. We fail to see how any decree can be rendered in said action that would be of any value to either of the parties hereto, unless it be a decree for declaratory relief under section 1060 of the Code of Civil Procedure. Two decrees have already been entered herein, each of which has been for specific relief, and neither of which has purported to be given under the provisions of said section of the code. It is apparent to us that a decree for declaratory relief is not what is wanted by the plaintiff herein. We doubt whether such a decree would be of any advantage to her.

We are also in doubt whether plaintiff is entitled to any decree for declaratory relief, as such a decree may be granted only "in cases of actual controversy relating to the legal rights and duties of the respective parties." (Sec. 1060, Code Civ. Proc.) There appears to be no such actual controversy between these parties as will justify a claim herein for declaratory relief. The parties are living together happily. Neither is attempting to withhold from or deny to the other any right of possession or enjoyment of the community property involved herein. Under these circumstances we can see no benefit to accrue to anybody by prolonging this litigation. The judgment, therefore, will be reversed, with directions to the trial court to dismiss the action.

Richards, J., Waste, C. J., Seawell, J., Tyler, J., *pro tem.*, and Shenk, J., concurred.