[Civ. No. 3648.   Third Appellate District.—December 24, 1928.]

HENRY SEXTON et al., Respondents, v. ALBA DALY et al., Appellants.

Joseph Scott and A. G. Ritter for Appellants.

Verge, Cooney, Davin & Kearney, Arthur C. Verge and A. H. deTremaudan for Respondents.

FINCH, P. J.—The plaintiff, who is the surviving husband of Mary Sexton, deceased, was given judgment quieting his title to several parcels of real property which, during the lifetime of his wife, had been a part of their community property. The appellants are the children of Mrs. Sexton by a previous marriage and they are beneficiaries under her last will, which was upheld in *Estate of Sexton*, 199 Cal. 759 [251 Pac. 778]. The will was executed July 12, 1921. The dispositive clause thereof reads as follows:

"I give, bequeath and devise to my children (naming them), share and share alike, all property, both real and person(al), of which I may die possessed."

Mrs. Sexton died September 25, 1924. The legislature of 1923 amended section 1401 of the Civil Code to read as follows:

"Upon the death of either husband or wife, one-half of the community property belongs to the surviving spouse; the other half is subject to the testamentary disposition of the decedent, and in the absence thereof goes to the surviving spouse, subject to the provisions of section one thousand four hundred two of this code."

The property in controversy was acquired prior to 1923. Appellants concede that at and prior to the death of Mrs. Sexton a wife's interest in community property was a mere expectancy. A mere expectancy "is not to be deemed an interest of any kind." (Civ. Code, sec. 700.) In *Stewart* v. *Stewart*, 204 Cal. 546 [269 Pac. 439], it is held that, as to all community property acquired prior to the enactment of section 161a of the Civil Code in 1927 (Stats. 1927, p. 484), "during the marriage the husband is the sole and exclusive owner of all the community property, and the wife has no title thereto, nor interest nor estate therein, other than a mere expectancy as heir, if she survive him."

In appellant's reply brief it is said: "Appellants' contention is . . . that upon the death of Henry Sexton they, as

children of Mary Sexton, are entitled by reason of being legatees and devisees of their mother's will, to share in any property of Henry Sexton's estate which was community property of Henry Sexton and Mary Sexton during her lifetime. . . . Appellants do not seek to interfere with or molest the right of Henry Sexton to handle and deal with the community property, but claim that upon his death they have the right to succeed to a portion of what remains by reason of the existence of Mary Sexton's will. They claim that by reason of said will and said sections 1401 and 1402 they have been awarded a right of succession in whatever remains of said community property, and that sections 1401 and 1402 are in effect statutes of succession or inheritance for their benefit rather than statutes to disturb any vested interest of the estate.''

Undoubtedly the legislature may at any time change the law of succession and may make the changed law applicable to previously acquired property, but to authorize one who has no ''interest nor estate therein, other than a mere expectancy as heir,'' to determine who shall succeed to such property is an entirely different proposition.

The language of section 1401 shows a clear intent to authorize either a spouse to make testamentary disposition of one-half of the community property, not merely such part thereof as may remain undisposed of at the death of the other. It is presumed, therefore, that it was the intention to make the provisions of that section applicable only to after-acquired property, in so far as concerns the testamentary disposition of community property by the wife, rather than to interfere with the husband's vested right to the ownership and control of the whole of such property during his lifetime or to provide a new rule of succession.

The will was executed prior to the amendment on which the appellants rely and, therefore, the testatrix could not have had the provisions of that amendment in mind when she made her will. If she was attempting to dispose of any part of the community property, singularly inappropriate language was employed to accomplish her purpose. ''All property . . . of which I may die possessed'' could not have been intended to designate property in which the testatrix had ''a mere expectancy as heir.'' Appellants' posi-

tion appears to be so clearly untenable that further discussion or citation of authorities is deemed unnecessary.

The judgment is affirmed.

Shields, J., *pro tem.*, and Plummer, J., concurred.