HELEN N. WINCHESTER, FORMERLY HELEN N. HOLDAWAY, ADMINISTRATRIX OF THE ESTATE OF H. H. HOLDAWAY, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55561. Promulgated February 27, 1933.

*Martin T. Nachtmann, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

800

OPINION.

Love: The evidence fails to prove that the respondent committed any error in determining that the profit from the sale of the three patents amounted to $53,491.94 instead of $28,491.94, as reported by petitioner. This leaves only the question of whether the decedent is taxable on the entire profit of $53,491.94, or on only one-half of that amount.

Prior to July 29, 1927, the husband in California was taxable on the entire community income subject to the Federal income tax. *United States* v. *Robbins*, 269 U. S. 315. On July 29, 1927, the Civil Code of California was amended as set out in our findings. In speaking of this amendment the Supreme Court of California, in *Stewart* v. *Stewart*, 269 Pac. 439, said:

This section of the Code, whatever effect it may have upon community property acquired subsequent to its effective date, *cannot in any manner relate to or govern the ownership of property acquired prior thereto.* [Italics supplied.]

In *United States* v. *Malcolm*, 282 U. S. 792, the Ninth Circuit, under section 239 of the Judicial Code, certified to the United States Supreme Court two questions of law, as follows:

(1) Under the applicable provisions of the Revenue Act of 1928, must the entire community income of a husband and wife domiciled in California be returned and the income tax thereon be paid by the husband?

(2) Has the wife, under section 161a of the Civil Code of California, such an interest in the community income that she should separately report and pay tax on one-half of such income?

In answering the questions, the Supreme Court, in a *per curiam* opinion, said:

The first question certified is answered: No. The second question is answered: Yes. *Poe* v. *Seaborn*, ante, p. 101; *Goodell* v. *Koch*, ante, p. 118; *Hopkins* v. *Bacon*, ante, p. 122.

The facts in the *Malcolm* case involved only a salary of $3,600 earned by the husband during the year 1928, and did not involve any income from community property acquired prior to July 29, 1927. In commenting upon the *Malcolm* case, the respondent, in Mim. 3859 (X–1 C. B. 140), said in part:

This decision is applicable to income from community property acquired on and after July 29, 1927, and to salaries, wages, and fees earned on and after that date which constitute community property. *The decision is not applicable to income from property acquired prior to July 29, 1927*, nor to salaries, wages, fees, and other compensation earned prior to that date. (See I. T. 2457, C. B. VIII–1, 89). [Italics supplied.]

The respondent's holdings in I. T. 2457, *supra*, and Mim. 3859, *supra*, were based upon the holding of the Supreme Court of California in *Stewart* v. *Stewart*, *supra*. These holdings, in effect, have recently been upheld by the Ninth Circuit in a test case entitled *Hirsch* v. *United States*, 62 Fed. (2d) 128. The *Hirsch* case held that dividends received in 1928 on stock was community property under California law but which had been purchased with funds of the marital community acquired prior to the amendment of the California Civil Code on July 29, 1927, were wholly taxable to the husband. In so deciding, the court said in part:

The interest of the husband in the community property is such that the legislature can not vest any part thereof in the wife by legislation enacted subsequent to the acquisition of the community property. * * *

It seems too clear for discussion that if the legislature of California was powerless to shift the title to a portion of the community property from the husband to the wife, it is equally powerless to change their relationship to income derived from the community property vested in the husband.

In the instant case two of the patents (Nos. 1664883 and 1665457) resulted from applications filed by the decedent prior to July 29, 1927. It is now well settled that patent applications are property. *Commissioner* v. *Stephens-Adamson Mfg. Co.*, 51 Fed. (2d) 681; *Joseph H. Adams*, 23 B. T. A. 71. Although the patents were not granted until after July 29, 1927, the interest of decedent therein remained the same as was his interest in the patent applications themselves. See quotations from McKay, a recognized authority on community property, in *John M. King*, 26 B. T. A. 1158, 1163. See also *Stewart* v. *Stewart*, *supra*. It follows that the entire profit

from the sale of these two patents was wholly taxable to decedent. *Hirsch* v. *United States*, *supra*.

With respect to Letters Patent No. 1569280, which decedent acquired from his father on January 16, 1928, respondent contends that the assignment was a gift from the father to the son; that under section 163 of the Civil Code of California " All property owned by the husband before marriage and that acquired afterwards by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, is his separate property "; and that, being his separate property, the decedent was taxable on the entire profit from the sale. In *Granniss' Estate*, 142 Cal. 1; 75 Pac. 324, the Supreme Court of California held that under section 163 (just quoted) the profits derived from the sale by the husband of his separate property remained his separate property. On the other hand, petitioner contends that the Superior Court of the State of California, in and for the County of Los Angeles, having determined in its order set out in our findings that decedent's estate was " community property," it follows that since Patent No. 1569280 was acquired after July 29, 1927, to wit, January 16, 1928, the profit therefrom was taxable, under *United States* v. *Malcolm*, *supra*, one-half to decedent and one-half to decedent's widow.

In support of his contention that the assignment was a gift, respondent offered an affidavit by decedent's father, who testified in part as follows:

That the consideration for the assignment aforesaid was his natural love and affection for his said son, the fact that deponent was of advancing years and unable to develop the said patent, that his said son had for some time contributed and was then contributing to deponent's maintenance and support; that his said son by reason of his large experience in inventions and his ability in that direction, was able to make experiments in connection therewith; and also that his said son was the owner of other patents for disk drills or drill bits, which made the disk bit aforesaid more available in his hands.

On the basis of the record made in this proceeding, we are of the opinion and so find that the assignment of Letters Patent No. 1569280 was a gift of the patent to decedent from his father. The findings of the county court that " said estate is community property," is not *res adjudicata* in the instant proceeding. *Guaranty State Bank of Greenville, Texas*, 12 B. T. A. 543.

It follows that under section 163 of the Civil Code of California, *supra*, the last mentioned patent was decedent's separate property, and that the entire profit from the sale thereof was taxable to the decedent.

The determination of the respondent is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*