GOUVERNEUR MORRIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 70483.    Promulgated September 18, 1934.

*Homer H. Tooley*, C.P.A., for the petitioner.
*E. L. Corbin*, Esq., for the respondent.

### OPINION.

MORRIS: The respondent having determined a deficiency in income tax of $2,556.56 for the calendar year 1930, the petitioner brings this proceeding for the redetermination thereof, alleging that the respondent erred in holding that an amount of $33,500 received dur-

ing the taxable year from the sale of certain motion picture rights did not constitute community income, taxable one half to the petitioner and the other one half to his wife.

The petitioner is an individual who during the year 1930 was married and living with his wife, Ruth Wightman Morris, in Monterey, California, and was engaged in the writing of magazine stories and motion picture scenarios. For the year 1930 the petitioner and his wife filed separate income tax returns.

Prior to July 29, 1927, and prior to his marriage to Ruth Wightman Morris the petitioner wrote two stories entitled " The Penalty " and " The Better Wife ", both of which were protected by copyrights and the story rights to both were assigned prior to said date, but no assignment had ever been made to the talking motion picture rights previous to that date.

On March 31, 1930, the petitioner assigned to the Paramount-Famous-Lasky Corporation the talking motion picture rights to " The Better Wife " for the total sum of $15,000, the sale being consummated through a literary broker or agency to whom a commission of $1,500 was paid, making the net proceeds received by petitioner $13,500.

On September 17, 1930, the petitioner assigned to the Metro-Goldwyn-Mayer Co. the talking motion picture rights to " The Penalty " for the total sum of $25,000, the sale being consummated through a literary broker or agency to whom a commission of $5,000 was paid, making the net proceeds received by petitioner $20,000.

In his income tax return for the year 1930 the petitioner reported one half of the sum of the amounts mentioned above (one half of $33,500), or $16,750, the balance being reported by his wife, upon the theory that these sums constituted community income. In the audit of the petitioner's return the respondent transferred the amount reported on the return of the petitioner's wife to the income of the petitioner, increasing his income accordingly, and eliminated a similar amount from the wife's income.

This proceeding falls squarely within the principle of *Hirsch* v. *United States*, 62 Fed. (2d) 128, and the Board's decision in *Helen N. Winchester, Administratrix*, 27 B.T.A. 798. In the former proceeding the court held that dividends received by the husband subsequent to July 29, 1927, the effective date of the amendment to the California statute relating to the community property interests of husband and wife, upon stock acquired and owned by him prior to such date, were taxable to him as his separate property. In the latter proceeding the Board held, following *Hirsch* v. *United States*, *supra*, that where, prior to July 29, 1927, the decedent had made applications for patents and notwithstanding the patents were

granted after such date, the entire profit from the sale thereof in 1928 was taxable to him and could not be treated as community property for income tax purposes.

No argument is needed to show that copyrighted stories are " property " in every sense of the word. The stories in question were written by the petitioner prior to July 29, 1927, and prior to his marriage. Both of them were protected by copyrights and the story rights were assigned prior to the date aforesaid. Although the petitioner had made no assignment of the talking motion picture rights prior to July 29, 1927, those stories were his sole and separate property and, therefore, income subsequently derived therefrom became his separate income and taxable as such under the foregoing decisions.

*Judgment will be entered for the respondent.*