**HORST v. COMMISSIONER OF INTERNAL REVENUE.**

No. 10855.

Circuit Court of Appeals, Ninth Circuit.
June 5, 1945.

Rehearing Denied Aug. 2, 1945.
Writ of Certiorari Denied Nov. 5, 1945.
See 66 S.Ct. 141.

Maurice E. Harrison, Theodore R. Myer, and Robert H. Walker, all of San Francisco, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss, Miriam Lashley, and Rigmor Carlsen, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, MATHEWS and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

By written instrument dated April 11, 1925, E. Clemens Horst transferred to Daisy B. Horst, his wife, 2026 shares of capital stock in the E. Clemens Horst Company, community property of the parties, in exchange for a transfer by her of her interest in an equal number of shares of said stock to E. Clemens Horst, such transfer to each to be held as her and his separate property.

E. Clemens Horst died May 24, 1940, and Daisy B. Horst is the executrix of his last will.

Daisy B. Horst as executrix petitioned the Tax Court for a redetermination of a tax deficiency in the amount of $32,348.80.[1] The Commissioner of Internal Revenue had ruled that the transaction of April 11, 1925 was not a sale or exchange of stock for a fair consideration in money or money's worth as required by law. The Tax Court upheld the Commissioner, stating "we hold that the release of the wife's interest * * * did not constitute a 'fair consideration in money or money's worth' * * * and that such transfer [to her] was a gift", taxable under Sections 319, as amended by Section 324 of the Revenue Act of 1926, and 320 of the Revenue Act of 1924,[2] 26 U.S.C.A. Int.Rev.Acts, pages 80, 81.

This case is before us on a petition to review the Tax Court's decision.

 The community character and incidents of community property are determined by the law in force at the date when the property was acquired. In California, until the adoption of Section 161a of the Civil Code in 1927, the wife had no vested interest. Stewart v. Stewart, 204 Cal. 546, 269 P. 439, 442; Gillis v. Welch, 9 Cir., 80 F.2d 165; United States v. Robbins, 269 U.S. 315, 46 S.Ct. 148, 70 L.Ed. 285.

█ It follows therefore that E. Clemens Horst owned the entire holding of stock and by this instrument merely gave one-half of his stock to his wife. The respective parties and the Tax Court are agreed that Daisy B. Horst acquired one-half of the stock by the agreement; the Tax Court impliedly found that there was a transfer to her. That finding must be respected on appeal. Com'r v. Wemyss, 324 U.S. 303, 65 S.Ct. 652; Dobson v. Com'r 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248.

█ It has been held that Congress intended to use the term "gifts" in its broadest and most comprehensive sense, and it is not limited to common law notions on consideration. Com'r v. Wemyss, supra. The transfer of stock becomes subject to the gift tax to the extent it is not made for a "consideration in money or money's worth." 26 U.S.C.A. Int.Rev.Code, § 1002. This is the test of consideration.

In the Wemyss case, Mr. More transferred to Mrs. More a block of shares of stock in consideration of her entering into the marriage as a result of which she would lose a trust income. The Tax Court said marriage was a consideration but did not satisfy the requirement of the gift tax law in that it was not a consideration reducible in money value. The Tax Court found the whole value of the stock taxable under the Statutes and Treasury Regulations 79 (1936 Ed.) Article 8, which reads as follows: "A consideration not reducible to a money value, as love and affection, promise of marriage, etc., is to be wholly disregarded, and the entire value of the property transferred constitutes the amount of the gift." The Supreme Court upheld the Tax Court, stating [65 S.Ct. 654], "Its conclusion on the issue before it was no less to be respected than were the issues which we deemed it was entitled to decide as it did in Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239 [88 L.Ed. 248.]"

In Merrill v. Fahs, 65 S.Ct. 655, the parties entered into an antenuptial agreement in Florida. Miss Desmare released all rights she might acquire in the property of Charles E. Merrill in return for trusts set up for her. In Florida such an antenuptial agreement is enforceable and the wife has an inchoate interest in her husband's property during his life, which becomes vested at his death. In this respect the rights released by Mrs. Horst and Miss Desmare are similar. The Supreme Court decided that the phrase "an adequate and full consideration in money or money's worth" came into the gift tax by way of estate tax provisions. In interpreting the estate tax provision, the Supreme Court said Congress intended the phrase "an adequate and fair consideration in money or money's worth" to exclude dower and other marital rights, citing Com'r v. Bristol, 1

---

[1] On redetermination the deficiency was fixed at $9,708.

[2] "Sec. 320. If the gift is made in property, the fair market value thereof at the date of the gift shall be considered the amount of the gift. Where property is sold or exchanged for less than a fair consideration in money or money's worth, then the amount by which the fair market value of the property exceeded the consideration received shall, for the purpose of the tax imposed by section 319, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year."

Cir., 121 F.2d 129, and Sheets v. Com'r, 8 Cir., 95 F.2d 727. In the Merrill case, the Supreme Court held that the same words in the gift tax should be given the same meaning.

The decision of the Tax Court is affirmed.