[Civ. No. 5051. Second Appellate District, Division Two.—December 20, 1928.]

WILLIAM H. MOORE, as Trustee in Bankruptcy, etc., Appellant, v. EDITH F. NEIGHBOURS et al., Respondents.

Goodspeed & Pendell for Appellant.

Burrel D. Neighbours and F. A. Jeffers for Respondents.

CRAIG, J.—An order was made and entered on September 14, 1923, in the district court of the United States for the southern district of California, southern division, adjudging the respondent Edith F. Neighbours a bankrupt. The scheduled liabilities amounted to $2,314.10, though it appears that but one claim, consisting of a judgment amounting to $1,764.10, was filed, approved and allowed. There being no assets scheduled in said proceeding, appellant as trustee in bankruptcy commenced an action in the superior court of Los Angeles County, alleging that the respondents herein were husband and wife, that they owned community property of a value of about $10,000, that the defendant Edith F. Neighbours' bankruptcy estate had no assets other than her interest in said community property, and that "it is necessary, therefore, to resort to the interest of said Edith F. Neighbours in the community property of said Edith F. Neighbours and her said husband with which to pay said claim." It was further alleged that said community property was in part acquired by the defendants between August 17, 1923, and September 14, 1923, that it is all in the custody and control of Burrel D. Neighbours. Upon information and belief it was alleged, also, that all of the proceedings in bankruptcy were taken and had by and on behalf of Edith F. Neighbours with "full and complete knowledge, consent and approval of her said husband, Burrel D. Neighbours, and with his help and financial assistance, pursuant to a common understanding and agreement between said defendants," and that they are estopped to claim or assert that said Edith F. Neighbours does not have any in-

terest in said community property and that the same is not subject to administration in the bankruptcy proceeding. The plaintiff prayed that the defendants be required to account as to the community property, that its value be decreed, and that the same be divided and one-half be delivered to the plaintiff up to the amount of the alleged judgment; that it be adjudged that one-half of the community property is owned by Edith F. Neighbours, and that the same is an asset of her bankruptcy estate, and that it be subjected to the payment of said claim. The defendants demurred to the complaint, and to each count thereof, upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, judgment went for the defendants, and the plaintiff appealed.

 It was contended below, and is insisted here, that the plaintiff and appellant cannot compel an accounting and division of the community property, for the reason that the husband is invested with the entire title, possession, and control during the life of both spouses, and that the wife has no more than an expectancy. Appellant concedes that prior to 1923 the provisions of the Civil Code were held to vest in the wife a mere expectancy, but contends that since the amendments of the year last mentioned, the law is otherwise and that the wife has a present, vested interest. The sections relied upon by appellant are 161a, 682, 700, 1045, 1401, and 1402, of the Civil Code. It is at once observed, however, that the two latter sections are contained in title VII, division two, part IV of the Civil Code, relating to succession, when one of the spouses is presumed to be dead. Section 1045 provides that a mere possibility, not coupled with an interest, cannot be transferred. Section 700 deals with a mere possibility such as the expectancy of an heir apparent, which is not an interest. Section 682 defines ownership by several persons, one of which is the "community interest of husband and wife." Section 161a of the Civil Code was enacted nearly three years after the commencement of this action, and yet, since it became effective, our supreme court, in *Stewart* v. *Stewart*, 204 Cal. 546 [269 Pac. 439], referring to a previous appeal of the same case, said:

"In that opinion we held that the long-established doctrine of this state was, as reiterated and confirmed by this court in *Spreckels* v. *Spreckels*, 172 Cal. 775 [158 Pac. 537],

that the husband was during marriage 'the sole and exclusive owner of all the community property, and that the wife had no title thereto, nor interest or estate therein, other than a mere expectancy as heir, if she survived him.' We further pointed out what was declared in more recent decisions of this court that legislation enacted subsequent to the rendition of said last-mentioned decision had not in any manner changed or modified said doctrine as to the wife's right in community property acquired in, or prior to, the year 1918, the year the parties hereto purchased the real property described in the complaint herein. We saw no escape from that conclusion at the time of the rendition of that opinion, and nothing has since been brought to our attention to cause us to doubt the correctness of our views as thus expressed. The opinion as then rendered must now stand as a correct embodiment of the views of this court upon the questions therein considered and determined.''

Hence, it was further held that ''the interest of the wife during marriage in the community property is a mere expectancy to be realized only upon her surviving her husband, or upon the earlier dissolution of the marriage by divorce proceedings.'' Further discussion of this question is therefore not here necessary.

From what has been said upon the principal argument advanced for reversal, other points attempted to be made by appellant at once become untenable.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.