**GILLIS v. WELCH, Collector of Internal Revenue.**

**No. 7452.**

Circuit Court of Appeals, Ninth Circuit.

Nov. 18, 1935.

Claude I. Parker, Ralph W. Smith, and George H. Koster, all of Los Angeles, Cal., for appellant.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, M. H. Eustace, and Helen R. Carloss, all of Washington, D. C. (Peirson M. Hall, U. S. Atty., of Los Angeles, Cal., of counsel), for appellee.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

GARRECHT, Circuit Judge.

An action was brought by appellant Gillis, as plaintiff, against appellee, herein to recover the sum of $7,292.70, with interest, claimed to have been collected as an excessive assessment of the federal gift tax, upon a gift by plaintiff to his wife of certain community property. Plaintiff and his wife acquired, as community property, a ⅚ interest in certain real property in California, known as Topango Canyon Lands. At all times involved in this proceeding plaintiff and his wife were residents of the state of California. Two-fifths of this ⅚ interest in the Topango Canyon Lands was purchased with community funds in 1910, and the remaining three-fifths of the said ⅚ was purchased with community funds in 1924. On October 2, 1925, plaintiff made a gift of all of his right, title and interest in the said property to his wife, Frances L. Gillis. On that date the property was of the reasonable market value of $389,166.66. On the 15th of March of the following year plaintiff filed a return for federal gift tax for the year 1925, setting forth the value of the gift to his wife as one-half of the value of the property—$194,583.33, and computing the tax upon that amount, paid the tax to the collector in the sum of $2,381.-66. The Commissioner of Internal Revenue computed a deficiency in the tax, basing the tax upon the full value of the property and assessed a deficiency in the tax for the year 1925 in the sum of $6,685.01. Plaintiff was notified and paid the assessed deficiency of $7,292.70

($6,685.01 plus $607.69 interest). Plaintiff thereafter filed a claim for refund, which was rejected. The present action was brought to recover the claimed refund. A general demurrer was interposed and sustained and judgment of dismissal entered, from which this appeal is taken.

To use appellant's words, "The ultimate issue involved is whether, under the gift tax statute the 'fair market value' of a gift of community property by a husband to his wife is less than the entire value of said property."

By section 319 of the Revenue Act of 1924 (43 Stat. 253, 26 U.S.C.A. § 1131 note [repealed, Act of Feb. 26, 1926, 44 Stat. 125]) a tax was imposed upon the transfer by a resident by gift of any property, etc. By the following section of said act (26 U.S.C.A. § 1132 note), it was provided that if the gift was made in property, the fair market value thereof at the date of the gift should be considered the amount of the gift.

In California, a husband may make a gift of the community property to the wife, and it is not necessary for the wife to join in the deed. Logan v. Thorne, 205 Cal. 26, 28, 269 P. 626; Kaltschmidt v. Weber, 145 Cal. 596, 599, 79 P. 272.

The Supreme Court of California has said that "The respective rights of husband and wife in community property are determined by the law in force at the time of its acquisition." Trimble v. Trimble, 219 Cal. 340, 26 P.(2d) 477, 479. See, also, McKay v. Lauriston, 204 Cal. 557, 566, 269 P. 519.

The interest of the wife in the property which was the subject of the gift must be determined, for it is clear that the husband could not give to the wife more than that which he had. In this inquiry we must look to the state of the law at the time of the acquisition of the property. The question of the interest of the wife in the community property has been the source of much litigation in the courts of California.

It is well settled by the decisions that the interest of the wife in the property acquired in 1910 is no more than a "mere expectancy," to borrow the term used in the decisions. The decisions of the Supreme Court of the state of California as to the nature of the wife's interest in the community property are binding upon this court. Talcott v. United States, 23 F.(2d) 897 (C.C.A.9).

The "Supreme Court, in Stewart v. Stewart [204 Cal. 546] 269 P. 439, referring to a previous appeal of the same case, said: 'In that opinion we held that the long-established doctrine of this state was, as reiterated and confirmed by this court in Spreckels v. Spreckels, 172 Cal. 775, 158 P. 537, that the husband was during marriage "the sole and exclusive owner of all of the community property, and that the wife had no title thereto, nor interest or estate therein, other than a mere expectancy as heir, if she survived him." We further pointed out, what was declared in more recent decisions of this court, that legislation enacted subsequent to the rendition of said last-mentioned decision had not in any manner changed or modified said doctrine as to the wife's right in community property acquired in, or prior to, the year 1918, the year the parties hereto purchased the real property described in the complaint herein. * * *' Hence it was further held that 'the interest of the wife during marriage in the community property is a mere expectancy, to be realized only upon her surviving her husband, or upon the earlier dissolution of the marriage by divorce proceedings.'" Moore, etc., v. Neighbours et al., 95 Cal.App. 628, 631, 273 P. 36. See, also, Lahaney v. Lahaney, 208 Cal. 323, 325, 281 P. 67; Blethen v. Pacific Mutual Life Ins. Co., 198 Cal. 91, 98, 243 P. 431.

After citing authorities, Stewart v. Stewart, supra, goes on to say, 204 Cal. 546, at page 553, 269 P. 439, 441: "These authorities hold uniformly and consistently that during the marriage the husband is the sole and exclusive owner of all the community property, and the wife has no title thereto, nor interest or estate therein, other than a mere expectancy as heir, if she survive him." See, also, In re Estate of Moffitt, 153 Cal. 359, 95 P. 653, 1025, 20 L.R.A.(N.S.) 207.

No need to multiply citations. We have seen, at least so far as the property acquired in 1910 is concerned, that the wife has no estate or interest in the common property. The wife's interest or estate in the community property did not materialize until dissolution of

the marriage relationship, either by death or divorce. Chance v. Kobsted, 66 Cal.App. 434, 437, 226 P. 632. "The estate in expectancy of the wife in the common property is dependent upon her survivorship; and in the event of her death before her husband, it is deemed never to have existed. * * *" In re Rowland's Estate, 74 Cal. 523, 16 P. 315, 5 Am.St.Rep. 464, cited in McKay v. Lauriston, supra, 204 Cal. 557, at page 568, 269 P. 519. Therefore, as to the 1910 acquisition, the entire value of the property was taxable.

With regard to the property acquired in 1924, unless the changes in the law relating to community property made in 1923 were basic changes, the same rule must apply. In 1923 (St. 1923, p. 30) section 1401 of the Civil Code of California (now section 201, Probate Code) was amended to provide that upon the death of either husband or wife, one-half of the community property was subject to the testamentary disposition of the decedent. But here, again, the wife's interest in the community property does not materialize until dissolution of the marital relationship. Further, section 1401 does not relate to ownership or to estate, but to descent and succession. In re Estate of Phillips, 203 Cal. 106, 109, 263 P. 1017.

Dean McMurray, in his article on Community Property, 1930 Supplement to Cal.Jur., § 66, at page 99 of the article, says: "The general form of statement in the opinions is that the wife, at least prior to the adoption of section 161a of the Civil Code in 1927, took no 'vested interest' or 'estate' in the community property. The husband has been said to be the owner of the community property, and to have the unqualified right to dispose of it, except for such restrictions as may have been imposed by the legislature. The wife, on the other hand was held to have a mere expectancy, and not a title or interest that she could convey."

No case has been pointed out to us involving community property acquired after 1923 and before 1927,[1] wherein the wife was held to have an interest of more than a "mere expectancy." Cf. concurring opinion of Judge Preston in Cutting v. Bryan, 206 Cal. 254, 259, 274 P. 326.

It follows, therefore, that the wife having no proprietary interest or estate in the community property beyond a mere expectancy before the gift by the husband, and thereafter having the entire interest in the property as a part of her separate estate, the gift tax was properly assessed upon the whole value of the property under the act.

Judgment affirmed.

---

[1] In 1927 an amendment to the Civil Code of California (section 161a) provided that the wife was to have a vested interest in the community property equal to that of the husband, although he was still left with the possession and control thereof.