EDWARD M. MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 12316, 13032. Promulgated March 28, 1949.

*Harry R. Horrow, Esq.*, for the petitioner.
*Chas. W. Nyquist, Esq.*, for the respondent.

**OPINION.**

JOHNSON, *Judge*: Did the delivery by petitioner to his wife, during the years 1943, 1944, and 1945, of one-half of his salary and personal earnings as they were paid to him constitute a taxable gift within the purview of section 1000 (d), Internal Revenue Code?[1] This was section 453 of the Revenue Act of 1942 and was applicable to gifts made in the calendar year 1943 and succeeding years. The Revenue Act of 1948 repealed the section by limiting its applicability to gifts made before the enactment of the Revenue Act of 1948 (April 2, 1948).

---

[1] (d) COMMUNITY PROPERTY.—All gifts of property held as community property under the law of any State, Territory or possession of the United States, or any foreign country, shall be considered to be the gifts of the husband except that gifts of such property as may be shown to have been received as compensation for personal services actually rendered by the wife or derived originally from such compensation or from separate property of the wife shall be considered to be gifts of the wife. *This subsection shall be applicable only to gifts made after the calendar year 1942 and on or before the date of the enactment of the Revenue Act of 1948.* [Note: The sentence in italics was added by the Revenue Act of April 2, 1948.]

The substantial portion of section 1000 (d) as here pertinent provides that "All gifts of property held as community property under the law of any state  *  *  *   shall be considered to be the gifts of the husband  *  *  *."

Respondent impliedly concedes, and correctly so, that, unless the transactions here involved are covered by section 1000 (d), there is no gift tax liability. He asserted no gift tax liability on the transfer by petitioner in 1939 of one-half of the entire community estate to his wife, nor on the transfer to her of one-half of his personal earnings in each of the years from 1939 to 1942, inclusive, for the obvious reason that, under the community property laws of California since 1927, all of the property so delivered by the petitioner to his wife already belonged to her and was her property in which she had a "present vested interest." *United States* v. *Malcolm,* 282 U. S. 792; *Commissioner* v. *Harmon,* 323 U. S. 44; *Paul C. Cavanagh,* 42 B. T. A. 1037. The same is true of the payments in question. The salary and compensation of petitioner was community property, and the one-half thereof which he delivered to his wife was her property, not his.

No case is cited and none has come to our attention where a Federal gift tax has been imposed or sought to be imposed upon the husband in California for transferring to his wife one-half of his salary or other community property belonging to them, provided the transaction occurred, or related to property acquired, subsequent to July 29, 1927, when the California law was amended to make the wife's interest in the community property "present, existing and equal," (see section 161 (a) Civil Code of California) rather than a "mere expectancy" as the prior law had been construed to mean.

If similar payments in the same manner made by petitioner to his wife prior to 1943 were not subject to a gift tax, evidently because the sums so paid already belonged to her and could not be the subject of a gift, why were the payments in controversy not in the same category?

The respondent contends that the enactment of section 1000 (d) caused these payments after 1942 to become taxable gifts. We do not think so. They were not gifts and hence do not come within the purview of section 1000 (d). This section is predicated upon the existence of a gift. Under its own terms it specifically relates to and is based upon "all *gifts* of property held as community property." (Italics supplied.) It applies only *when* there is a gift of property. The section nowhere defines or attempts to change or impose any new meaning of the word "gift." What constituted a gift before its enactment remained the same after it became law. The only change that it made in the Federal gift tax law was to decree that *when* a "gift of community property" was made it "shall be considered to be

the gift of the husband." In other words, the husband would be deemed the sole donor and the gift tax on the transaction would be taxable to him alone, rather than divisible between him and his wife. We think it clear that in the absence of a gift section 1000 (d) can not be invoked.

But respondent says the section is applicable here because the language of a regulation issued by the Treasury Department fits these transactions, and in his letter of deficiency he cites and relies upon Treasury Regulations 108, section 86.2, wherein the Treasury interprets section 1000 (d) to apply:

* * * to a division of community property between husband and wife into the separate property of each, and to a transfer by the husband and wife of any part of such community property into the separate property either of the husband or of the wife. * * *

If this were the language of the code, a different question would be here presented, but we agree with petitioner that the regulation as here applied can not be sustained as valid, it being an unwarranted expansion and enlargement of the meaning of section 1000 (d). The language and effect of the regulation, as construed by respondent, is to make any division of community property, equal or otherwise, between husband and wife taxable as a gift. Since the section in question is restricted to gifts of property, the regulation can not enlarge its meaning so as to apply to a transaction other than a gift. The language of the regulation or its import making taxable a division of community property between husband and wife is not contained in the section or elsewhere in the Internal Revenue Code. Congress may have the power to make such divisions of community property taxable, but it has not done so, and the Treasury Department can not legislate such a provision into the law under the guise of a regulation.

An equal division of community property between husband and wife under California law can not be construed to be a gift. A gift is defined as being "the act by which the owner of a thing voluntarily transfers the title and possession of the same from himself to another without consideration." 38 C. J. Secundum 781, and authorities there cited. It can not be said here that petitioner was "the owner" of the moiety of his salary delivered to his wife, for under the law of California she was its owner; neither can it be said that he "transferred the title" to it, since title thereto was already vested in her.

*Gillis* v. *Welch* (C. C. A., 9th Cir.), 80 Fed. (2d) 165, covered a transaction in California occurring prior to 1927, wherein the husband was held liable for a gift tax for transferring to his wife certain community property, since under the law then existing there the husband was the owner of all of the community property and the wife had a "mere expectancy" therein and hence the transfer of any of

the community property to her constituted a gift. The court, in passing upon the issue, said:

The interest of the wife in the property which was the subject of the gift must be determined, *for it is clear that the husband could not give to the wife more than that which he had.* * * * [Italics supplied.]

There, the husband owned it all and a transfer of any part was a gift. Here, the wife already owned the one-half in question, and the husband could not give to her that which he did not own.

We are not impressed with respondent's contention that, because of the husband's management and control of the community property under California law, his relinquishment of such control by delivery to his wife clothed the transaction with the attributes of a gift. If A and B are equal owners of a firm's business, the fact that A is the managing partner would not make his payments to B of B's interest therein a gift. As was said in *Bank of America* v. *Collector of Internal Revenue*, 33 Fed. Supp. 183:

* * * The management and control, which the husband has under the law of California, does not defeat the character of the wife's interest as that of a half owner. California Civil Code, Secs. 172, 172a.

To the same effect, in *Paul Cavanagh*, 42 B. T. A. 1037, we declared:

The fact that under the California law the husband has a broad power of control does not detract from the wife's interest. This power is conferred upon him merely as the agent of the community and does not make him the owner of all the community property and income, nor negative the wife's present interest there as equal coowner.

In *James A. Hogle*, 7 T. C. 986; affd. (C. C. A., 10th Cir.), 165 Fed. (2d) 352 (the Government has indicated that it will not apply for certiorari), we held that the taxpayer was not subject to a gift tax on the net gains and profits from marginal trading in securities realized by two trusts created by him, even though the trading account was operated under the taxpayer's direction, for the reason that the legal title to the amounts in question never vested in him, but in the trust from the moment they arose. We said that "legal title to the amounts in question was never in the petitioner and was never transferred by him to the trusts." Such is true here. Petitioner here transferred possession, but not title. The title to the amounts in question was always vested in petitioner's wife from the very moment they were earned, not by the grace of petitioner, but by virtue of the law of California.

Respondent's imposition of a gift tax herein is reversed.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

Opper, J., concurs only in the result.