**RICKENBERG v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 12091.**

United States Court of Appeals
Ninth Circuit.

Aug. 22, 1949.

Charles J. Munz, Jr., Los Angeles, Cal., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, and Carlton Fox, Sp. Assts. to Atty. Gen., for respondent.

F. A. Lesourd, Kenneth A. Cox, Little, Leader, LeSourd & Palmer, Seattle, Wash., amici curiae.

Valentine Brookes, Arthur H. Kent, Henry D. Costigan, Robert L. Lipman, Stanley Morrison and Scott Lambert, San Francisco, Cal. (Kent & Brookes, McCutchen, Thomas, Matthews, Griffiths & Greene, San Francisco, Cal., of counsel), amici curiae.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is a petition for review of a Tax Court decision upholding the Commissioner's determination of a deficiency in petitioner's estate tax return. It presents the question whether an agreement between a husband and wife changing the form of ownership of their property from community to tenancy in common in contemplation of death requires the inclusion of all the property in the husband's gross estate under 26 U.S.C.A. §§ 811(c) [1] and 811(d) (5) [2] when he predeceases the wife. Petitioner is the executrix of her husband's estate, and contends that the Tax Court erred in upholding the Commissioner's determination.

Petitioner and her husband entered into an agreement on December 2, 1942, the pertinent portions of which recited that:

"Whereas, they [husband and wife] have accumulated and acquired certain property since their said marriage, all of which property has been and is up to this time community property and,

"Whereas, the parties hereto have heretofore held the title to all their property, both real and personal, as joint tenants and

[1] "Transfers in contemplation of, or taking effect at death. To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this subchapter."

[2] "Revocable Transfers—

"(5) added by Section 402(a) of the Revenue Act of 1942, c. 619, 56 Stat. 798. Transfers of community property in contemplation of death, etc. For the purposes of this subsection and subsection (c), a transfer of property held as community property by the decedent and surviving spouse under the law of any State, Territory, or possession of the United States, or any foreign country. shall be considered to have been made by the decedent, except such part thereof as may be shown to have been received as compensation for personal services actually rendered by the surviving spouse or derived originally from such compensation or from separate property of the surviving spouse."

it is their desire to divide and separate said property and hold the same as tenants in common, each an undivided one-half interest therein,

"Now, Therefore, It Is Agreed by and between the parties hereto that they will convey all of the property, both real and personal which they have heretofore held as community property and held the title thereto jointly, to themselves as tenants in common so that each may have an undivided one-half interest therein and that each will execute and deliver to the other such bills of sale, deeds of conveyance and other papers and instruments necessary to convey the title to said property to each of them as tenants in common."

The Commissioner had found that the property prior to the transfer by this agreement was held in joint tenancy, and the taxpayer in his petition to the Tax Court so alleged. The Commissioner's answer to the petition denied that allegation of the petition that the property so had been held in joint tenancy. At the trial on the evidence offered the Tax Court found that it was held as community property prior to the execution of the contract. The brief of the Commissioner points out that some of the property was held as what is known as "old" community property, i. e., acquired prior to July 29, 1927, and some acquired as community property after that date. The Commissioner's brief concedes that if the disposition of the case is different as to the properties acquired before and after July 29, 1927, the case must be remanded for further evidence showing the amount of each of the two kinds of community property.

As appears below, we are of the opinion that as to the transfer of the community property acquired prior to July 29, 1927, there is an estate tax liability, and hence the case must be remanded to the Tax Court.

### A. The Community Property Acquired After July 29, 1927.

The Tax Court held that as to both classes of community property transfers were made in contemplation of death within 26 U.S.C.A. § 811(c). As to the post-1927 community property, we are of the opinion that there was no transfer between the spouses, and hence the question of such intent is irrelevant.

In order for the statutes referred to above to be applicable, so that the entire value of the property once held as community property would be includible in the husband's gross estate under § 811(c), it must be determined that the husband made a transfer of an interest in property in contemplation of his death for less than adequate and full consideration. We think that as to the post-1927 community property there was no transfer.

The substance of the transaction between decedent and petitioner was that decedent relinquished his power of management and control over petitioner's share of the property. Petitioner acquired the power to manage and control her one-half and to do with it what she pleased. Decedent, likewise, acquired this same power over his one-half. Neither decedent nor the petitioner received or gave up any property; both owned one-half before and after the agreement was executed. California Civil Code, § 161a, effective July 29, 1927. Cf. Fernandez v. Wiener, 326 U.S. 340, 355, 66 S.Ct. 178, 90 L.Ed. 116.

This court has considered this power of management and control of the community property by the husband as similar to an agency. United States v. Goodyear, 9 Cir., 99 F.2d 523, 527. In that case the government contended that in changing the status of community property from "old" to "new", i. e., from pre-1927 to post-1927, as may be done by agreement of the spouses in California, the husband retained for his life the possession and enjoyment of an interest in the property because he retained the power of management and control. In rejecting this contention and holding that only one-half of the community property should be included in the husband's gross estate this court said:

"That one may manage and control property without either possession or enjoyment is illustrated by the situation where an agent manages real property for the owner. In such case although the agent may have absolute control in managing and renting the property and in collecting rents, the

rents belong to the owner who enjoys them. We think that theoretically each spouse had possession and enjoyment of his particular interest. Decedent, therefore, did not possess and enjoy his wife's interest. * * *" United States v. Goodyear, supra, 99 F.2d at page 527.

Since this power of management is not an interest in the property, the Commissioner and the Tax Court were in error in holding there had been a transfer of property and in including the value of petitioner's one-half in decedent's gross estate.

That more than the termination of the decedent's power of management and control over the property is necessary before subsections 811(c) and 811(d) (5) operate to include the property in the gross estate is apparent from the framework of section 811. Under subsection 811(e) (2), Congress expressly provided that an interest of another person, the surviving spouse in the community property, is to be included in the decedent's gross estate, thereby recognizing that the new incidents acquired by the surviving spouse were not acquired from the decedent's estate. If these new incidents were acquired as part of decedent's estate, subsection 811(e) (2) would have been unnecessary because they would have been includible in the gross estate under section 811(a).

Moreover, in amending section 811 in 1942 by adding 811(e) (2) to include the interest of both spouses in community property states, Congress did not achieve the result by redefining the term "interest" as they could have done. Instead, Congress expressly levied a tax to be measured by the extent of the interests of decedent and his spouse. It was the shifting of the power of management and control of the property that was held to be a sufficient economic event to justify this amendment in Fernandez v. Wiener, 326 U.S. 340, 355-357, 66 S.Ct. 178, 90 L.Ed. 116. In that case the problem was solely one of constitutionality, it being conceded that the Commissioner correctly applied the statute. Fernandez v. Wiener, supra, 326 U.S. at page 351, 66 S.Ct. at page 184. But here this court is asked to interpret a different statute, 811(c), dealing with transfers to include a transaction which Congress, in 811(e) (1), thought was not a transfer. That it may be a source of income to make taxable a shifting of mere community control, as here, is a matter for the consideration of Congress.

The Commissioner contends that the Regulations require the result reached below. Treasury Regulations 105, section 81.15, apply section 811(d) (5) to divisions of community property between the spouses into separate property of each. For the reasons stated above, this is not a rational interpretation of the statute, and so we are not bound to follow the regulation as applied in the present case.[3]

## B. The Community Property Acquired Before July 29, 1927.

We hold that as to the pre-1927 community property the decedent made a transfer of an interest to his wife. As to that property, before the transfer the wife's interest was deemed to be only a mere expectancy, United States v. Robbins, 269 U.S. 315, 327, 46 S.Ct. 148, 70 L.Ed. 285; Gillis v. Welch, 9 Cir., 80 F.2d 165. In changing the form of ownership from community to tenancy in common the wife acquired a present interest where she had only an expectancy before, and to that extent there was a transfer of an interest by the decedent.

Inasmuch as the case must be remanded to determine how much of the property involved was pre-1927 community property, we must dispose of petitioner's contentions that the transaction was not one in contemplation of death and that decedent received full and adequate consideration. The first contention is that the evidence does not support such a finding. We hold that the evidence does support the finding that the agreement was made in contemplation of death.

Although when the agreement was made the deceased was only 56 years of age and

---

[3] Regulations 108, § 86.2, making a similar provision in gift tax cases was held invalid as unwarranted by statute, 26 U. S.C.A. § 1000(d), in Mills v. Commissioner, 12 T.C. 468.

in apparent good health, the evidence shows without a doubt that the agreement was made solely in order to minimize estate taxes in the event the husband died first.

It is contended that this is not sufficient by itself to make section 811(c) applicable. Petitioner relies on Allen v. Trust Co. of Georgia, 326 U.S. 630, 66 S.Ct. 389, 90 L.Ed. 367, to support this proposition. The facts in that case were unique and not similar to the instant case. There a power to amend a trust was' relinquished by the settlor admittedly to avoid the inclusion of the trusts in his gross estate, but the lower court found, and the Circuit Court of Appeals affirmed, that the original trusts which had been created many years before had not been created in contemplation of death and that the relinquishment of the power to amend was made because of a change in the law after the trusts had been created. The Supreme Court held that the relinquishment was a supplementary step in an integrated transaction which was not one in contemplation of death. In the present case the agreement is the entire transaction solely to avoid taxes, not merely a step to perfect a prior disposition of the property.

The motive to avoid estate taxes is obviously one that contemplates death, for it is not until death that the taxes are applicable to the estate. "The transfer is made in contemplation of death if the thought of death is the 'impelling cause of the transfer.' City Bank Farmers Trust Co. v. McGowan, 323 U.S. 594, 599, 65 S.Ct. 496, 498 [89 L.Ed. 483]." Allen v. Trust Co. of Georgia, 326 U.S. 630, 635, 66 S.Ct. 389, 391. See note, 37 Cal.Law Rev. 312.

Petitioner's contention that the decedent received full and adequate consideration for the transfer will be considered only as to that portion of the property which was acquired prior to July 29, 1927, the effective date of Cal.Civil Code § 161a, which made the wife's interest in community property present, existing and equal. What we have held regarding the post-1927 community property makes it unnecessary to consider that portion of the Tax Court's opinion relating to adequacy of consideration as to that property because there was no transfer of an interest involved.

We hold that the decedent did not receive full and adequate consideration for the transfer of one-half of the pre-1927 community property. Section 812(b) (5) of the Internal Revenue Code, 26 U.S.C.A. § 812 (b) (5), provides in part:

"For the purposes of this subchapter, a relinquishment or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration 'in money or money's worth.' "

The type of interest held by the wife in such community property and which she relinquished by the agreement was held by California courts to be "a mere expectancy, and possesses none of the attributes of an estate, either in law or in equity." Stewart v. Stewart, 199 Cal. 318, 335, 249 P. 197, 204; Lahaney v. Lahaney, 208 Cal. 323, 325, 281 P. 67; see 3 Cal.Jur.Supp. 590, Community Property § 86. This view was followed by the federal courts in applying the various revenue acts to California residents. United States v. Robbins, 269 U.S. 315, 327, 46 S.Ct. 148, 70 L.Ed. 285 (income tax); Talcott v. United States, 9 Cir., 23 F.2d 897, certiorari denied 277 U.S. 604, 48 S.Ct. 601, 72 L.Ed. 1011 (estate tax); Gillis v. Welch, 9 Cir., 80 F.2d 165, certiorari denied 297 U.S. 722, 56 S.Ct. 668, 80 L.Ed. 1006 (gift tax). It was only at the death of the husband that the wife's "interest" became in any sense vested, and then only by virtue of the laws of succession if her husband died intestate. Cal.Civil Code § 1401, now Cal. Probate Code § 201. This expectancy was a marital right in the decedent's estate within the purview of section 812(b) (5) and so cannot "be considered to any extent a consideration 'in money or money's worth.' "

The judgment is reversed and the cause remanded to the Tax Court for a determination of the amount of the community property involved in the agreement that was acquired by the spouses prior to July 29, 1927. All of the property acquired

prior to that date is properly includible in the decedent's gross estate under section 811(c).

Judge STEPHENS did not participate in the decision of this case.