## COMMISSIONER OF INTERNAL REVENUE v. MILLS.

### No. 12305.

United States Court of Appeals
Ninth Circuit.

June 6, 1950.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Helen Goodner and Hilbert P. Zarkey, Sp. Assts. to the Atty. Gen., for petitioner.

Sigvald Nielson, Harry R. Harrow, Francis N. Marshall, Frank H. Roberts, Thomas E. Haven, San Francisco, Cal. (Pillsbury, Madison & Sutro, San Francisco, Cal., of counsel) for respondent.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is a petition by the Commissioner of Internal Revenue for review of decisions [1] of the Tax Court of the United States holding that the Commissioner erred in determining deficiencies in respondent Mills' federal gift tax returns for the tax years 1943, 1944 and 1945. The returns set forth an agreement between taxpayer and his wife by which the income determined as a gift by the Commissioner was the separate property of each and that the transaction was upon a full consideration in money's worth.

The Tax Court held that a division of the community property between respondent and his wife converting such property into the separate property of each did not constitute a gift within the meaning of Sections 1000(a) and (d) of the Internal Revenue Code.[2] In so holding the Tax Court invalidated Section 86.2(c) of Treasury Regulations 108 insofar as Section 86.2 purported to reach such transactions. The Commissioner here contends that Congress intended Section 1000(d) to reach interspousal divisions of community property.

1. One decision covered the tax years 1943 and 1944; the other the tax year 1945. The decisions were the result of two petitions involving the same issues which were consolidated for hearing before the Tax Court. The single opinion of the Tax Court covering both proceedings is reported 12 T.C. 468.

2. 26 U.S.C.A. §§ 1000(a) and 1000(d).

In Rickenberg v. Commissioner, 9 Cir., 177 F.2d 114, certiorari denied 338 U.S. 949, 70 S.Ct. 487, a case involving the estate tax,[3] this court held that an agreement between a husband and wife changing the form of ownership of their property from community property[4] to tenancy in common was not a transfer of an interest in property.

It is obvious that unless there is a transfer of an interest in property there is no gift tax liability. The basic gift tax provision, Section 1000(a), imposes a tax only where there is a "transfer * * * of property by gift," and Section 1000(d) applies only where there are "gifts of property." The taxpayer contends the Rickenberg case is controlling in the instant case. The Commissioner does not seriously attempt to distinguish the Rickenberg case but, in effect, contends that it should be overruled. We decline to entertain either contention, for we think that upon this record the decision of the Tax Court is otherwise sustained.

The property claimed to be subject to the gift tax consists of the husband's salary as officer of a corporation and his director's fees for the tax years 1943, 1944, 1945. For some time prior to 1939 the taxpayer had equally divided his salary with his wife and there was a question raised by the Treasury as to the respondent's tax liability on such division. Upon the advice of a lawyer, the husband and wife entered into an agreement in 1939[5] respecting respondent's salary and fees.

Concerning the agreement, the Tax Court found that "On or about January 1, 1939, petitioner and his wife entered into an oral agreement by which they divided equally between them all community property owned by them on December 31, 1938, with the understanding and agreement that thereafter each of them would own and hold the one-half of said community property so allotted and delivered to each as his or her separate property.

"The agreement did not include or relate to the future salary and earnings of the petitioner. Petitioner for many years prior thereto had each month voluntarily and without any obligation so to do paid to his wife one-half of his salary, and it was understood that he would continue so to do, but there was no agreement or binding obligation that he would do so, and the payments of salary as received by him from his employer continued to be the community property of himself and his wife."

The evidence does not support the finding in the last quoted paragraph, but is to the contrary. The husband testified that in 1939 there was a verbal agreement between him and his wife that the community earnings by way of his salary as a corporate officer and compensation for services, the latter including his director's fees, were thereafter, as to one-half, to be the separate property of his wife. The agreement was for the remainder of their lives, stated to be "a final settlement between us." Such a division of the income could not have been made to evade the later gift tax provision of the Revenue Act of 1942, here in question. During the tax years in question the agreement so testified to was further confirmed by the acts of the parties in its exact execution.

■ That such a verbal agreement between husband and wife with respect to the community property is valid in California, here the residence of the spouses, is held in Wren v. Wren, 100 Cal. 276, 278, 279, 34 P. 775, 38 Am.St.Rep. 287. Of such agreements, we held in Van Every v. Commissioner, 9 Cir., 108 F.2d 650, 651, certiorari denied 309 U.S. 689, 60 S.Ct. 891, 84 L.Ed. 1031, that "In California, 'Under the Civil Code [§ 158], "Either husband or wife may enter into any engagement or transaction with the other, * * * respecting

---

3. 26 U.S.C.A. §§ 811(c) and 811(d) (5).

4. Acquired after the enactment in 1927 of California Civil Code, § 161a declaring the respective interests of the husband and wife in community property to be "present, existing and equal."

5. Section 1000(d), upon which the Commissioner relies, was added to the gift tax provisions by Section 453 of the Revenue Act of 1942, c. 619, 56 Stat. 953.

property which either might if unmarried." They may by contract alter their legal relations as to property [§ 159, Civ.Code Cal.], and the mutual consent of the parties is sufficient consideration therefor [§ 160, ibid.]. * * * Accordingly, a husband or wife may, by an agreement between themselves, without any other consideration than mutual consent, convey or transfer from one to the other all title or interest in either separate or community property. They may change the character of property from community to separate or from separate to community * * * In short, the utmost freedom of contract respecting property exists in California between husband and wife.' 13 Cal.Jur. § 45, pp. 845–847 * * *."

Section 1000(d) reads: "*Community property*. All gifts of property held as community property, under the law of any State, Territory, or possession of the United States, or any foreign country shall be considered to be the gifts of the husband except that gifts of such property as may be shown to have been received as compensation for personal services actually rendered by the wife or derived originally from such compensation or from separate property of the wife shall be considered to be gifts of the wife."

Since in the tax years in question the income sought to be taxed as a gift to the wife was not held by the husband as community property, no liability exists under Section 1000(d).

While we think here was no transfer of interest in the conversion from community to separate property in the years 1943, 1944 and 1945, if there were such a transfer the property received by each is of equal value in money or money's worth. The husband is freed of his duty of administration of the business of an estate twice as large as he receives, which larger business he had been required to administer free of charge for both spouses and which he cannot dispose of adversely to the interest of the wife,[6] and he receives separate ownership of his half which he may dispose of at his free will. Likewise the wife gives up the right to have the husband's administration, free of cost to her, of the business management of the property for her and his benefit and obtains her personal control of her half for her unfettered disposition. Assuming a transfer, we think the consideration of each is an adequate and full consideration in money's worth.

The decisions of the Tax Court are affirmed.

---

6. Britton v. Hammel, 4 Cal.2d 690, 52 P.2d 221.