T.C. Summary Opinion 2009-103

UNITED STATES TAX COURT

GLENDA J. STRAND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 5814-07S, 24963-07S.    Filed July 9, 2009.

<u>Robert E. Bergman</u>, for petitioner.

<u>Brenda M. Fitzgerald</u>, for respondent.

RUWE, <u>Judge</u>:  These consolidated cases were heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petitions were filed.  Pursuant to section 7463(b), the decisions to be entered are not reviewable by any

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined $2,300 and $1,943 deficiencies in petitioner's 2004 and 2005 Federal income taxes, respectively. The issue for decision is whether the $12,621 petitioner received in 2004 and the $12,952 petitioner received in 2005 for her interest in her former husband's military retirement pension are includable in her gross income.

## Background

These cases were submitted fully stipulated in accordance with Rule 122. The stipulations of fact and the attached exhibits are incorporated herein by this reference. At the time the petitions were filed, petitioner resided in Georgia. Petitioner married Douglas H. Strand (Mr. Strand) on October 15, 1960. Nearly 20 years later petitioner and Mr. Strand separated and declared their marriage irretrievably broken. On May 8, 1980, petitioner and Mr. Strand entered into a Property Settlement Agreement (agreement) filed in the Superior Court, State of Washington, County of Spokane (superior court).[2] In pertinent part, the agreement states:

---

[2] Washington is a community property State.

It is understood that the Husband is receiving from the Federal Government a monthly retirement payment.  This monthly payment arises from the military service of the Husband.  Husband expressly promises and agrees that he will instruct the appropriate branch or department of the U. S. Army to pay to Wife one-half of 75% of the monthly amount received or to be received by Husband.  [T]his amount to Wife will increase as there is any increase made in payments to Husband and similarly if Husband's payment should be reduced for any reason, then the one-half of 75% would be reduced accordingly.  Husband agrees that the assignment to Wife of the one-half of 75% of all future payments shall be irrevocable until the death of Wife or upon the Wife becoming remarried.  * * *

The couple divorced on August 28, 1980.  The superior court Decree of Dissolution of Marriage (decree) ratified, confirmed and approved the agreement in all respects.

A year after their divorce, the Supreme Court held that military retirement pay was not property subject to division upon marital dissolution under community property laws.  McCarty v. McCarty, 453 U.S. 210 (1981).  In the light of the Supreme Court's decision in McCarty, Mr. Strand sought modification of the agreement in superior court.  On June 2, 1982, the superior court determined that "the criteria for retroactive application of McCarty v. McCarty are not applicable in this case" and not only found that the decree should be kept in full force but also emphasized that "The military pension payments to petitioner are property and not maintenance."[3]

_____

[3] In September 1982, in response to McCarty, Congress enacted the Uniformed Services Former Spouses' Protection Act
                                                    (continued...)

In September 1986 the Department of the Army, per petitioner's request, determined that petitioner was entitled to begin receiving direct payments "for division of property from the U. S. Army retired pay of Douglas H. Strand".  The direct payments were to begin on or about August 1986.

For taxable years 2004 and 2005 petitioner received payments from the Defense Finance and Accounting Service (DFAS) of $12,621 and $12,952, respectively, for her interest in Mr. Strand's military retirement pension.  DFAS issued to petitioner Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for 2004 and 2005 which indicated that the $12,621 and $12,952 payments were both the gross distributions and taxable amounts for 2004 and 2005, respectively.

On petitioner's timely filed Forms 1040, U.S. Individual Income Tax Return, for both 2004 and 2005, she did not report the payments received from DFAS.  On January 16 and August 20, 2007, respondent issued to petitioner notices of deficiency for 2004 and 2005, respectively.  Respondent determined that petitioner

_____

[3](...continued)
(USFSPA) as part of the Dept. of Defense Authorization Act, 1983, Pub. L. 97-252, sec. 1002, 96 Stat. 730-738 (1982), which authorized State courts to treat military retirement pay in accordance with State law, thereby allowing State courts to consider military pensions as community assets for distribution in divorce proceedings.  USFSPA was made retroactive to the day before McCarty was decided (i.e., June 25, 1981).  Id.

failed to report the $12,621 and $12,952 payments in her gross income for 2004 and 2005, respectively.[4]

Petitioner timely filed petitions contesting the notices of deficiency. The cases were consolidated for trial, briefing and opinion on September 10, 2008.

### Discussion

Gross income is defined as "all income from whatever source derived" unless otherwise specifically excluded. Sec. 61(a). Specifically included in gross income are amounts derived from pensions. Sec. 61(a)(11). "A military retirement pension, like other pensions, is simply a right to receive a future income stream from the retiree's employer." Eatinger v. Commissioner, T.C. Memo. 1990-310; see also Mitchell v. Commissioner, 131 T.C. ___, ___ (2008) (slip op. at 7) ("Military retired pay constitutes a pension within the meaning of * * * [section 61(a)(11)]."); secs. 1.61-2(a)(1), 1.61-11(a), Income Tax Regs.

Although State law determines the nature of a property interest, Federal law determines the Federal taxation of that property interest. Mitchell v. Commissioner, supra at ___ (slip op. at 7) (citing United States v. Mitchell, 403 U.S. 190, 197 (1971)). Tax liability for income from property attaches to the

_____

[4] In the notice of deficiency for tax year 2004, respondent also disallowed petitioner's claimed $12 medical expense deduction. Petitioner, however, has not contested this adjustment, and consequently we deem it conceded. See Rule 34(b)(4).

owner of the property.  Blair v. Commissioner, 300 U.S. 5, 12 (1937).

Petitioner argues that the payments made to her from Mr. Strand's military retirement pension are not includable in her gross income because the payments were received as a division of property, rather than as alimony, and therefore are not taxable to her under section 1041.  Petitioner further asserts that because taxes were withheld from the total gross distribution from DFAS before her separate share was calculated, any tax she is required to pay amounts to double taxation.[5]

In 1980, the year of petitioner and Mr. Strand's divorce, the law of the State of Washington was that a military pension was community property to the extent that community funds had been invested in it and it was before the court for consideration in a dissolution proceeding.  Wilder v. Wilder, 534 P.2d 1355,

---

[5] Petitioner also theorizes that since she "has not been required before now, 2004 and 2005, to pay any Federal Income Tax on the monies received by her pursuant to * * * [the agreement]", she should not now be treated any differently.  However, each tax year stands on its own and must be separately considered.  Haeder v. Commissioner, T.C. Memo. 2001-7 (citing United States v. Skelly Oil Co., 394 U.S. 678, 684 (1969)).

Petitioner's position is in the nature of an argument for equitable estoppel.  It is well settled, however, that the Commissioner cannot be estopped from correcting a mistake of law, even where a taxpayer may have relied to his detriment on that mistake.  Dixon v. United States, 381 U.S. 68, 72-73 (1965); Auto Club of Mich. v. Commissioner, 353 U.S. 180, 183-184 (1957); see also Massaglia v. Commissioner, 286 F.2d 258, 262 (10th Cir. 1961), affg. 33 T.C. 379 (1959); Zuanich v. Commissioner, 77 T.C. 428, 432-433 (1981).

1357 (Wash. 1975); see also In re Marriage of Giroux, 704 P.2d 160, 161 (Wash. Ct. App. 1985) ("Before 1981, the Washington Supreme Court recognized that a military pension was community property to the extent that community funds or community labor have been invested and, as such, could be divided."). In accordance with the agreement and incident to the divorce, we find that petitioner received, as her separate property, rights to and an interest in Mr. Strand's military retirement pension.

Generally, no gain or loss is recognized on a transfer of property from an individual to a former spouse, but only if the transfer is incident to the divorce. Sec. 1041(a). However, "It is arguable that section 1041 has no application to an equal-in-value division of the property of a marital community, since there is no transfer of property but only a partition of the community." Weir v. Commissioner, T.C. Memo. 2001-184 (citing Commissioner v. Mills, 183 F.2d 32, 34 (9th Cir. 1950), affg. 12 T.C. 468 (1949), and Walz v. Commissioner, 32 B.T.A. 718, 720 (1935)). In any event, section 1041 is inapplicable to any transfer in 1980 incident to either the agreement or the decree, since any such transfer would be pursuant to an instrument that predates the effective date of section 1041. See Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 421, 98 Stat. 793 (adding section 1041, generally effective for transfers after

July 18, 1984, but in some cases effective for transfers after December 31, 1983).

In Weir v. Commissioner, supra, discussing the division of community property incident to divorce that occurred before the enactment of section 1041, we stated:

> Law predating section 1041 establishes that, in the case of an approximately equal division of community property on divorce, no gain is recognized on the theory that no sale or exchange has occurred but only a nontaxable partition, and the basis of the property set aside for each spouse is its basis to the community prior to the divorce.  * * *

Petitioner is correct when she asserts that the actual transfer of the property right is not a taxable event.  Thus, in 1980 petitioner recognized no gain (or loss) on receipt of her separate property rights in Mr. Strand's military retirement pension.  But because the community, and therefore petitioner, has no basis in the military retirement pension, the income from the property transferred is a taxable distribution, on which petitioner is responsible to pay income taxes.  Accordingly, the military retirement pension payments she received are includable in gross income.  Sec. 61(a)(11); sec. 1.61-11(a), Income Tax Regs.

With respect to petitioner's alternative assertion that her paying tax on the military retirement pension payments would amount to double taxation, the record is devoid of any evidence

that double taxation would occur.[6]  Petitioner has not offered any evidence to establish what amount, if any, of the pension payments was included in Mr. Strand's taxable income. Consequently, we find her assertion to be without merit.

In conclusion, we hold that the $12,621 and $12,952 pension payments made directly to petitioner in 2004 and 2005, respectively, were made in accordance with her separate property interest in Mr. Strand's military retirement pension and are includable in petitioner's gross income for the year in which they were received.

We have considered all of the parties' arguments; and to the extent we have not specifically addressed them, we conclude them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>for respondent</u>.

---

[6] We note that "Congress amended the definition of 'disposable retired pay' such that the disposable retired pay is not reduced by income taxes withheld." <u>Mitchell v. Commissioner</u>, 131 T.C. ___, ___ (2008) (slip op. at 10) (citing 10 U.S.C. sec. 1408(a)(4) (Supp. III 1991), and the National Defense Authorization Act for Fiscal Year 1991, Pub. L. 101-510, sec. 555(b)(3), (e)(2), 104 stat. 1569, 1570 (1990)).  This amendment, however, is effective only for divorces entered into on or after Feb. 3, 1991.  <u>Id.</u>